582 So.2d 191 (1991)
BATON ROUGE BANK & TRUST CO.
v.
Robert E. COLEMAN.
No. 91-OC-1209.
Supreme Court of Louisiana.
June 14, 1991.
*192 PER CURIAM.
The court of appeal dismissed relator's suspensive appeal because relator failed to file the motion for appeal and to furnish the security timely. Because the appellee's motion to dismiss the suspensive appeal was not filed within the three-day limitation imposed by La.Code Civ.Proc. art. 2161, we reverse the dismissal by the court of appeal and reinstate the suspensive appeal.
In an unpublished opinion, the court of appeal noted that the appellee had not filed the motion to dismiss the suspensive appeal within three days of the lodging of the appeal, but ruled that La.Code Civ.Proc. art. 2161 was inapplicable because the failure to file a timely appeal is a jurisdictional defect which can be raised at any time. In this respect the court of appeal erred.
An appellant's failure to file a devolutive appeal timely is a jurisdictional defect, in that neither the court of appeal nor any other court has the jurisdictional power and authority to reverse, revise or modify a final judgment after the time for filing a devolutive appeal has elapsed. La. Civ.Code art. 3556(31) defines the thing adjudged as follows:
Thing adjudged is said of that which has been decided by a final judgment, from which there can be no appeal, either because the appeal did not lie, or because the time fixed by law for appealing is elapsed, or because it has been confirmed on the appeal. (emphasis supplied).
Thus, when an appellant fails to file a devolutive appeal from a final judgment timely, the judgment acquires the authority of the thing adjudged, and the court of appeal has no jurisdiction to alter that judgment. However, when an appellant fails to file a suspensive appeal from a final judgment timely, the judgment does not thereby acquire the authority of the thing adjudged, and the court of appeal does have jurisdiction to reverse, revise or modify the judgment (as long as the appeal was filed within the time limit for appealing devolutively).
In the present case the suspensive appeal was filed after the thirty-day period for appealing suspensively had elapsed, but within the sixty-day period for appealing devolutively. Therefore, the court of appeal retained jurisdiction to adjudicate the appeal, and the defect was not jurisdictional. Any objection to the untimely filing of the suspensive appeal had to be filed within the three-day limitation imposed by La.Code Civ.Proc. art. 2161. Since the motion to dismiss was not filed within this period, the court of appeal erred in granting the untimely motion to dismiss the suspensive appeal.
Accordingly, the judgment of the court of appeal is reversed, the motion to dismiss the suspensive appeal is denied, and the suspensive appeal is reinstated.