LWICKER, Judge.
Elizabeth Worner appeals a summary judgment dismissing her petition to rescind a community property settlement and to nullify a promissory note and mortgage executed in connection therewith. We dismiss the appeal for lack of jurisdiction due to untimeliness.
The record discloses the following pertinent dates and events:
1. January 9,1995 Trial judge signed written summary judgment.
2. January 9,1995 Clerk of court issued notice of signing of summary judgment.
3. January 25, 1995 Counsel for appellant filed motion for new trial.
4. April 13,1995 Tidal court heard and denied motion for new trial.
5. May 2,1995 Trial judge signed judgment denying new trial.
6. May 4,1995 Clerk of court issued notice of signing of judgment denying new trial.
7. June 30,1995 Motion for new trial denied.
The time for taking a devolutive appeal does not commence until expiration of the delay for applying for a new trial. La.Code Civ.P. Art. 2087. The delay for applying for a new trial is seven days, exclusive of legal holidays, commencing to run on the day after the judgment was signed. La.Code Civ.P. art. 1974. ‘When notice of the judgment is required under Article 1913, the delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.” Id
| aUnder La.Code Civ.P. art. 1974, appellant’s new trial delay commenced on Tuesday, January 10,1995, the day after the clerk of court mailed notice of the signing of the judgment. Excluding the following Saturday and Sunday, as well as Monday, January 16, 1995 (a legal holiday in observance of the birthday of Martin Luther King, Jr.), we see the new trial delay expired on January 19, 1995. Thus, the motion for new trial, filed on January 25,1995, was untimely.
Because there was no timely motion for new trial, the sixty-day delay for devolutive appeal began on January 20, 1995 and expired on March 20, 1995. La.Code Civ.P. art. 2087(A)(1). Appellant’s motion for a de-volutive appeal was not filed until June 30, 1995, well after the expiration of the appeal delay.
Appellant’s motion for new trial recites that the notice copy of the January 9, 1995 summary judgment was postmarked January 11, 1995 and was received on January 16, 1995.[1] However, the notices of judgment in the record and a handwritten annotation on the judgment itself state that the clerk of *1234 court issued the notices of judgment on January 9, 1995. In her new trial motion, appellant provides no proof of the allegation that the notice of judgment bore a postmark of January 11, 1995. Even assuming the accuracy of the allegation regarding a January 11th postmark, appellant’s new trial motion was still untimely.
An untimely application for new trial does not affect, interrupt or extend the delay for taking a timely appeal. Succession of Blythe, 466 So.2d 500 (La.App. 5th Cir.1985), writ denied, 469 So.2d 985 (La.1985). The devolutive appeal in this case was untimely, depriving this court of jurisdiction.
For the foregoing reasons, the appeal is dismissed.
APPEAL DISMISSED.

. Appellant's claim that the notice was received on January 16th appears erroneous, because Martin Luther King, Jr.'s Birthday is a federal holiday and there would have been no mail delivered that day.