| ¡CANNELLA, Judge.
Plaintiff, Bernadette Falkins (Falkins), individually and as the Natural Tutor of her minor child, Floyd Falkins, appeals from a judgment rendered in favor of defendants, Usia Lyons (Lyons), the bus driver, Jefferson Parish School Board (the School Board) and Century Indemnity Company (Century), as liability insurer. For the reasons which follow, we dismiss the appeal.
*1006 FalMns filed a lawsuit for damages sustained by her minor child as a result of a school bus accident. It was allotted to Division N of the Twenty-Fourth Judicial District Court. At least four other students filed similar lawsuits that fell to different divisions. The cases were all consolidated, by order, in Division N, with the notation that “all records shall be kept separate and all pleadings shall bear the number of and be filed in the record to which Lthey pertain. ...” All parties agreed to bifurcate the issue of liability, that is, the percentage of fault of the three defendants, Michael Falg-out (Falgout), the driver that turned in front of the school bus, Lyons, for failure to inspect his brakes as required and the School Board, for failure to properly supervise the bus driver. On August 19,1996 judgment in favor of FalMns only was rendered finding Falgout to be 100% at fault. Notice of the signing of the judgment was mailed on August 20, 1996. On August 29, 1996 an ex parte motion to amend the judgment was filed by defendants. The amended judgment was rendered on August 30, 1996, adding other plaintiffs to the judgment and adding a paragraph dismissing from the case Lyons, the School Board and Century. Notice of the signing of this judgment was mailed on August 30, 1996. On September 16, 1996 an ex parte motion to amend judgment/motion for new trial was filed by FalMns. On October 28,1996 a second amended judgment was rendered, retracting the complete dismissal of Century and stating that Century was only dismissed as the liability carrier but remained in the case as the uninsured motorist carrier. Notice of appeal was filed on November 14,1996.
It is well settled that a devolutive appeal may only be taken within sixty days of either: (a.) the expiration of the delay for applying for a new trial, if no application has been filed timely, or (b.) the date of the mailing of the notice of the court’s refusal to grant a timely filed application for a new trial. La. C.C.P. art. 2087. An untimely motion for new trial will not serve to interrupt the delays for taMng a devolutive appeal. Worner v. Worner, 95-833 (La.App. 5th Cir. 1/8/96), 666 So.2d 1232. Absent a timely motion for appeal, the appellate court lacks jurisdiction over the appeal. Guillot v. Consolidated Freightways, 583 So.2d 113 (La.App. 5th Cir.1991).
| sGuillot v. Consolidated Freightways, supra, is on all fours with the instant case. In Guillot, the appeal was dismissed for lack of appellate jurisdiction. The court reasoned that, because the motion for new trial wMch was filed more than seven days after the initial judgment was untimely, the amended judgment rendered pursuant to the untimely motion was without legal effect. Therefore, only the initial judgment was appealable. The motion for appeal was filed beyond sixty days from the notice of mailing of the initial judgment and was untimely. Accordingly, the court had no jurisdiction over the untimely appeal.
In this case, the September 16, 1996 motion to amend the judgment/motion for new trial, filed sixteen days after the August 30, 1996 mailing of the notice of judgment, was not timely filed as a motion for new trial. La. C.C.P. Art. 1974. Therefore, the amended judgment rendered on October 28,1996 is invalid because it made a substantive change in the judgment outside of the time limit for a new trial. Thus, the only appealable judgment in this case was the August 30, 1996 judgment. Duffy v. Duffy, 506 So.2d 225 (La.App. 5th Cir.1987). The motion for appeal, filed on November 14,1996, is untimely. La. C.C.P. art. 2087. TMs court is without jurisdiction to rule on an untimely appeal. Guillot, supra.
Accordingly, for the reasons set out above, the appeal is dismissed and costs of appeal are assessed against plaintiffs.
APPEAL DISMISSED.