J^THOMAS F. DALEY, Judge.
Plaintiff Lee Martin appeals the trial court’s grant of a Motion for Summary Judgment in favor of defendant, Deer-brook Insurance Company, finding a valid U/M waiver. We dismiss this appeal as untimely.
The judgment appealed was granted on September 28, 2001, with notice of signing of judgment on October 1, 2001. Plaintiff did not file his notice of appeal until December 14, 2001, which time period is greater than seven days (delay for applying for a new trial of LSA-C.C.P. art. 1974) plus 60 days from the date of the judgment for a devolutive appeal, as per LSA-C.C.P. art.2087. An appellate court may, on its own motion, recognize its lack of authority to entertain an untimely appeal and dismiss it. State Farm Mut. Auto. Ins. Co. ex rel. Robinson v. Jimenez, 98-1057 (La.App. 5 Cir. 1/26/99), 726 So.2d 465.
This Summary Judgment granted on September 28, 2001 was a final judgment by operation of law. Plaintiffs only claim against Deerbrook was for UM coverage. _J^Deerbrook was the only remaining defendant, and the judgment by its specific written terms dismissed Martin’s claims against Deerbrook with prejudice. This judgment was not a partial judgment under LSA-C.C.P. art.1915, and thus this article does not apply. The judgment dismissed the plaintiffs claims in total against the only remaining defendant. The Motion to Certify was unnecessary, and did not operate to suspend appeal delays.
LSA-C.C.P. art. 2161’s provision that an appeal should not be dismissed because of any irregularity, error, or defect unless it is imputable to the appellant does not include the failure to bring the appeal within the requisite period. State ex rel. A.S.K., 2000-0636 (La.App. 4 Cir. 12/11/00), 775 So.2d 1101. The appeal delays found in LSA-C.C.P. art.2087 are not prescriptive periods that are subject to interruption: these time limits are jurisdictional. An appellant’s failure to file a devolutive appeal timely is a jurisdictional defect in that neither the court of appeal nor any other court has the jurisdictional power and authority to reverse, revise, or modify a final judgment after the time for filing a devolutive appeal has elapsed. Jim & Lu Enterprises, Inc. v. Alcoholic Beverage Control Bd. for the City of Baton Rouge and East Baton Rouge Parish, 99-2907 (La.App. 1 Cir. 12/22/00), 778 So.2d 75, citing Baton Rouge Bank & Trust Co. v. Coleman, 582 So.2d 191, 192 (La.1991). *812 Accordingly, when an appellant fails to timely file a devolutive appeal from a final judgment, the judgment acquires the authority of the thing adjudged, and the court of appeal has no jurisdiction to alter that judgment. The Motion for Appeal filed on December 14, 2001, was untimely. We are without jurisdiction to consider this appeal.
APPEAL DISMISSED.