ROTHSCHILD, Judge.
12Metro Disposal, Inc. (“Metro”) seeks to appeal a summary judgment entered in favor of third party defendant, Gillis, Ellis, & Baker, Inc. (“GEB”). For the following reasons, we dismiss this appeal.

STATEMENT OF THE CASE

On July 9, 2007, AFCO Credit Corporation (“AFCO”) filed a “Petition for Monies Due on Premium Finance Agreement” against Metro, asserting that it provided premium financing to Metro in 2006 for certain insurance policies purchased by Metro. According to AFCO, it financed $293,344.25 under two finance agreements, but Metro failed to make the payment due on October 16, 2006, and has failed to make any payments thereafter. In its petition, AFCO seeks payment of all outstanding balances due on the commercial premium finance agreements, interest, costs, and attorney fees.
On November 14, 2007, Metro filed an “Answer and Third Party Demand,” in which it set forth a general denial of AFCO’s claims and named GEB as a third party defendant. In its Third Party Demand, Metro asserts that if it is found liable |sto AFCO, it is owed contribution and indemnity from GEB, because GEB obtained incorrect commercial insurance quotes from the Louisiana Automobile Insurance Plan that resulted in Metro changing its financing for insurance from AFCO to another finance company in October 2006. Metro asserts that it satisfied its obligations to AFCO, but GEB failed to reflect Metro’s previous payments to AFCO and to provide an accounting to AFCO. Metro claims that any damage that may have occurred was caused by GEB’s negligence or lack of supervision.
On August 13, 2009, AFCO filed a Motion for Summary Judgment, asserting *1158 that there are no genuine issues of material fact and that based on the evidence presented in support of the motion, it is entitled to summary judgment awarding it the relief sought in AFCO’s petition. Metro filed an Opposition to AFCO’s Motion for Summary Judgment on November 2, 2009. On November 20, 2009, GEB filed a Motion for Summary Judgment, asserting that there are no genuine issues of material fact and that it is entitled to summary judgment dismissing all claims asserted against it by Metro.
The Motions for Summary Judgment filed by AFCO and GEB came for hearing before the trial court on January 7, 2010. After noting that there was no appearance by Metro at the hearing and stating that both motions were considered and believed to be well-founded, the trial judge granted the Motions for Summary Judgment filed by AFCO and GEB. That same date, the trial judge signed a written judgment granting GEB’s Motion for Summary Judgment and dismissing all of Metro’s claims with prejudice. He also signed a written judgment granting AFCO’s Motion for Summary Judgment and awarding it $91,157.45, plus interest, attorney fees, and costs. Notice of signing of the judgments was issued and mailed to counsel for Metro by the Clerk of Court on January 14, 2010.
|4On February 1, 2010, Metro filed Motions for New Trial and a Motion to ReSet the hearings on the Motions for Summary Judgment. On February 2, 2010, the trial judge re-set both Motions for Summary Judgment for hearing on March 10, 2010. The trial judge also signed an order purporting to set aside the summary judgment entered in favor of GEB. After hearing these matters on March 10, 2010, the trial judge again granted the Motions for Summary Judgment filed by AFCO and GEB. On May 17, 2010, Metro filed a Motion for Appeal, seeking to appeal the summary judgment granted in favor of GEB on March 10, 2010.

DISCUSSION

In its brief on appeal, Metro contends that the trial court erred in granting GEB’s Motion for Summary Judgment. However, after review of the record in this matter, we find that this appeal is not properly before us and cannot be considered.
LSA-C.C.P. art. 2087(A) provides that a devolutive appeal may only be taken within sixty days of either: 1) the expiration of the delay for applying for a new trial, if no application has been filed timely; or 2) the date of the making of notice of the court’s refusal to grant a timely application for a new trial. LSA-C.C.P. art. 1974 provides:
The delay for applying for a new trial shall be seven days, exclusive of legal holidays. The delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served the notice of judgment as required by Article 1913.
An untimely motion for new trial will not serve to interrupt the delays for taking a devolutive appeal. Worner v. Worner, 95-833, p. 3 (La.App. 5 Cir. 1/8/96), 666 So.2d 1232, 1234. Further, absent a timely motion for appeal, the appellate court lacks jurisdiction over the appeal. Guillot v. Consolidated Freightways, 583 So.2d 113, 114 (La.App. 5 Cir.1991).
|fiIn Falkins v. Jefferson Parish School Board, 97-26 (La.App. 5 Cir. 5/9/97), 695 So.2d 1005, this Court dismissed the appeal for lack of appellate jurisdiction. In Falkins, a motion to amend judgment/motion for new trial was filed 16 days after mailing of notice of the initial judgment and thus, was untimely. This Court found that the amended judgment rendered pursuant to the untimely motion for new trial was invalid and without legal effect. Thus, *1159 only the original judgment was appealable and the motion for appeal was not filed within the time limitations for appealing the original judgment.
In the present case, on January 7, 2010, the trial judge granted summary judgment in favor of GEB and AFCO, granting the relief sought by AFCO and dismissing all of Metro’s claims against GEB. Notice of signing of these judgments was mailed to counsel for Metro on January 14, 2010. Metro did not file its Motion for New Trial until February 1, 2010, which was after the delay for filing for a new trial had expired. Accordingly, the judgment that was rendered on March 10, 2010 pursuant to the untimely Motion for New Trial was invalid and without legal effect. The January 7, 2010 judgment was the only appealable final judgment, but the Motion for Appeal filed May 17, 2010 was not filed within the time limitations for appealing this judgment. LSA-C.C.P. art. 2087. Thus, because this appeal is untimely, this Court is without jurisdiction to consider the merits.

DECREE

For the foregoing reasons, we dismiss the appeal filed by Metro.

APPEAL DISMISSED.