JUDE G. GRAVOIS, Judge.
| ¡Appellants, Derrick McGee and Anderson Council, appeal a trial court judgment that upheld a judgment of April 14, 2009 rendered against them by the Jefferson Parish Bureau of Administrative Adjudication (“the Bureau”) that determined that appellants, owners of immovable property on the west bank of Jefferson Parish, were in violation of Sections 19-47(A)(6) and 19-56 of § 23373 of the Jefferson Parish Code of Ordinances, by failing to maintain a slab on their property to such a degree that it was now considered a public hazard. The judgment ordered demolition and removal of the slab.
Appellee, the Parish of Jefferson (“the Parish”), has filed in this Court a Motion to Dismiss Appeal, arguing that appellants’ Motion for Devolutive Appeal was untimely. Our review of the record finds that this appeal was indeed untimely. Thus, we grant the Parish’s Motion to Dismiss Appeal and accordingly dismiss this appeal.
| ^PROCEDURAL HISTORY
Following the April 14, 2009 adverse judgment of the Bureau, appellants filed suit in the 24th Judicial District Court, seeking appellate review of the Bureau’s judgment and a trial de novo. The Parish opposed the request for a trial de novo, arguing that a trial de novo was not authorized by LSA-R.S. 13:2575(H) and Jefferson Parish Ordinance No. 18860, Section 2.5-10.
The trial court rendered a judgment on June 23, 2010, noting that appellant’s Appeal and Motion to Set for Trial de Novo came before the court on February 23, 2010, which was submitted on briefs. The trial court denied appellant’s request for a trial de novo, confined its review to the administrative record before it, and affirmed the April 14, 2009 judgment of the Bureau. Notice of this judgment was mailed to the parties on June 23, 2010.
On July 16, 2010, appellants filed a Motion to Amend Judgment, arguing that the trial court’s judgment of June 23, 2010 was “extensive and mistakenly ruled on the merits of their case.” Appellants argued that the issue before the court on that date was not the merits of their case, but was only whether or not they were entitled to an evidentiary hearing.
The Parish opposed the Motion to Amend, contending that appellants sought therein a substantive change in the judg *642 ment, being relief which was clearly not authorized by LSA-C.C.P. art. 1951.[1] The Parish further argued that if considered a motion for new trial, the Motion to Amend was untimely under LSA-C.C.P. art. 1974, as it was filed twenty-three days after mailing of the Notice of Judgment.
Following a hearing on September 27, 2010, the trial court issued a judgment on October 6, 2010, denying appellants’ Motion to Amend. On October |419, 2010, appellants filed a Motion and Order for Devolutive Appeal. In their appellate brief, appellants again argue that in its June 23, 2010 judgment, the trial court mistakenly ruled on the merits of their case without first conducting a full eviden-tiary hearing, or at a minimum, without first allowing oral arguments by the parties.

DISCUSSION ON MOTION TO DISMISS APPEAL

In its Motion to Dismiss Appeal, the Parish argues that appellants’ Motion for Devolutive Appeal was untimely under LSA-C.C.P. art. 2087. The Parish, citing Katz v. Katz, 412 So.2d 1291 (La.1982), notes that a motion to amend that seeks to alter the substance of the judgment may be considered a motion for new trial, but only if the motion is filed within the time delay for filing a motion for new trial. Noting that the Motion to Amend was filed twenty-three days after notice of the trial court’s June 28, 2010 judgment was mailed, the parish argues that such filing does not interrupt LSA-C.C.P. art. 2087’s delays for the taking of a devolutive appeal. Therefore, the Parish argues that the Motion for Devolutive Appeal, filed on October 19, 2010, was untimely, it having been filed more than 67 days following the notice of mailing of the June 23, 2010 judgment.
Absent a timely filed motion for appeal, the appellate court lacks jurisdiction over the appeal. The issue is not, as appellants claim in their Opposition to Motion to Dismiss, a matter of prescription. This court’s opinion in Harper v. Eschenazi, 04-863 (La.App. 5 Cir. 12/28/04), 892 So.2d 671, 673, is instructive herein:
The appeal delays found in La. C.C.P. art. 2087 are not prescriptive periods that are subject to interruption: these time limits are jurisdictional. An appellant’s failure to file a devolutive appeal timely is a jurisdictional defect in that neither the court of appeal nor any other court has the jurisdictional power and authority to reverse, revise, or modify a final judgment after the time for filing a devolutive appeal has elapsed. Martin v. Freiberger, 02-188 (La.App. 5 Cir. [,6/26/02), 822 So.2d 810, 812; Jim & Lu Enterprises, Inc. v. Alcoholic Beverage Control Bd. for the City of Baton Rouge and East Baton Rouge Parish, 99-2907 (La.App. 1 Cir. 12/22/00), 778 So.2d 75, citing Baton Rouge Bank & Trust Co. v. Coleman, 582 So.2d 191, 192 (La.1991).
Accordingly, when an appellant fails to timely file a devolutive appeal from a final judgment, the judgment acquires the authority of the thing adjudged, and the court of appeal has no jurisdiction to alter that judgment.
We find that appellants’ Motion for De-volutive Appeal was untimely. The filing of the Motion to Amend, outside of the time limits of LSA-C.C.P. art. 1974, did not provide an extension of the appellate delays under LSA-C.C.P. art. 2087. Ac *643 cordingly, appellants’ Motion for Devolu-tive Appeal filed on October 19, 2010 was untimely, and this court is without jurisdiction to consider this appeal.

CONCLUSION

For the above reasons, the Parish of Jefferson’s Motion to Dismiss Appeal is hereby granted. This appeal is hereby dismissed, costs to be borne by appellants.

MOTION TO DISMISS APPEAL GRANTED; APPEAL DISMISSED

. LSA-C.C.P. art. 1951 provides as follows: A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party: (1) To alter the phraseology of the judgment, but not the substance; or (2) To correct errors of calculation.