HANS J. LILJEBERG, Judge.
| ^Plaintiff, Christy Davis, individually and on behalf of her deceased child, Terance Augustine, appeals the trial court’s judgment sustaining the Peremptory Exception of No Cause of Action filed by defendant, the City of Kenner, and dismissing her claims against it. For the following reasons, we dismiss the appeal as untimely.

DISCUSSION

LSA-C.C.P. art. 2087 provides that a devolutive appeal may only be taken within 60 days of either: 1) the expiration of the delay for applying for a new trial, if no application has been timely filed; or 2) the date of the mailing of the notice of the court’s refusal to grant a timely filed application for a new trial. Falkins v. Jefferson Parish School Board, 97-26, p. 2 (La.App. 5 Cir. 5/9/97), 695 So.2d 1005, 1006. The appeal delays set forth in LSA-C.C.P. art. 2087 are not prescriptive periods that are subject to interruption; rather, these time limits are | ¡¡jurisdictional. Martin v. Frieberger, 02-188, p. 3 (La.App. 5 Cir. 6/26/02), 822 So.2d 810, 811. The failure to file a devolutive appeal timely is a jurisdictional defect in that neither this court nor any other court of review has the jurisdictional power and authority to reverse, revise, or modify a final judgment after the time for filing a devolutive appeal has elapsed. Id.; Parish of Jefferson v. McGee, 11-76, p. 4 (La.App. 5 Cir. 5/24/11), 67 So.3d 640, 642; Baton Rouge Bank & Trust Co. v. Coleman, 582 So.2d 191, 192 (La.1991).
In the present case, no motion for new trial was filed in the trial court. Accordingly, in order to preserve her right to appeal, Ms. Davis had to file her Motion for Appeal within 60 days of the expiration of the delay for applying for a new trial. The delay for applying for a new trial is seven days, exclusive of legal holidays, commencing to run on the day after the clerk has mailed the notice of judgment. LSA-C.C.P. art. 1974.
The judgment sustaining the Peremptory Exception of No Cause of Action was signed by the trial judge on December 11, 2012, and notice of signing of judgment was issued and mailed on that same date. Ms. Davis did not file her Motion for Appeal until February 26, 2013, which was beyond the time delays set forth in LSA-C.C.P. art. 2087.
Absent a timely motion for appeal, the appellate court lacks jurisdiction over the appeal. Falkins, 97-26 at 2, 695 So.2d at 1006; Guillot v. Consolidated Freightways, 583 So.2d 113, 114 (La.App. 5 Cir.1991). An appellate court may, on its own motion, recognize its lack of authority to consider an untimely appeal and dismiss it. Martin, 02-188 at 2, 822 So.2d at 811; State Farm Mut. Auto. Ins. Co. ex rel. Robinson v. Jimenez, 98-1057, p. 3 (La.App. 5 Cir. 1/26/99), 726 So.2d 465, 466.
|4On January 8, 2014, this Court issued an order to plaintiff to show cause, by brief only, why her appeal should not be dismissed as untimely. On January 21, 2014, Ms. Davis filed a brief with this Court in opposition to the dismissal of her appeal. In her brief, Ms. Davis asserts that she requested written reasons for judgment on December 11, 2012, and the trial court’s written reasons were signed on January 25, 2013 and mailed on January 28, 2013. She asserts that she timely filed her Motion for Appeal on February 26, 2013, within 30 days of receiving the written reasons for judgment. Ms. Davis acknowledges that an appeal is taken from a judgment, not the reasons for judgment, but she claims that in limited circumstances, appeal deadlines “should stem from the *83 issuance of written reasons for judgment when the judgment itself is devoid of enough information from which a party can meaningfully determine whether appeal is necessary.”
While we have considered Ms. Davis’s argument, we find it to be without merit. This Court has previously stated that there are no provisions in the law that suspend the statutorily mandated time delays for filing an appeal pending a trial court’s issuance of reasons for judgment. Williams v. Atmos Energy Corp., 09-1061, p. 5 (La.App. 5 Cir. 5/11/10), 42 So.3d 409, 411; Ricks v. East Jefferson General Hospital Foundation, Inc., 00-1695 (La.App. 5 Cir. 3/14/01), 783 So.2d 457, 458.
Because Ms. Davis’ Motion for Appeal, filed on February 26, 2013, is not timely, we do not have jurisdiction to consider this appeal. Accordingly, this appeal must be dismissed.

DECREE

For the foregoing reasons, we hereby dismiss this appeal.

APPEAL DISMISSED.