WICKER, J.
Appellant, Laverne Joseph, filed a motion to appeal a summary judgment rendered in favor of Defendant-Appellee, Egan Health Care Corporation. Appellee filed a motion to dismiss, asserting that Plaintiff's appeal is untimely. For the following reasons, we find Plaintiff's appeal is untimely and that this Court lacks jurisdiction to consider the appeal. Accordingly, we grant Appellee's motion to dismiss, and dismiss the appeal.
On December 13, 2016, Plaintiff filed an employment discrimination suit against Appellee, Egan Health Care Corporation, in the Twenty-Fourth Judicial District Court for the Parish of Jefferson. In its Answer to the suit and in subsequent pleadings, Appellee denied Plaintiff's allegations and contended that it never employed plaintiff. On August 9, 2017, Plaintiff filed a First Amended Petition, naming *461 Egan Health Care of Plaquemines, Inc. as an additional defendant-employer.
On October 5, 2017, Appellee, Egan Health Care Corporation, filed a motion for summary judgment, contending that it never employed Plaintiff and therefore is improperly named as a defendant in Plaintiff's suit. In support of its motion for summary judgment, Egan Health Care Corporation attached a copy of responses to Request for Admissions propounded upon Plaintiff, in which she admitted that her paycheck stubs reflect she was compensated by Egan Health Care of Plaquemines, Inc. Appellee also attached pay check stubs listing Plaintiff's employer as Egan Health Care of Plaquemines, Inc., eight years of W-2 forms reflecting Egan Health Care of Plaquemines, Inc. as Plaintiff's employer, a judgment of garnishment issued by Second Parish Court for the Parish of Jefferson wherein Egan Health Care of Plaquemines, Inc., as garnishee, was ordered to garnish a portion of Plaintiff's wages to satisfy student loan debt, and multiple affidavits attesting that Appellee, Egan Health Care Corporation, did not employ Plaintiff. Appellee's motion for summary judgment was heard on May 8, 2018, and the arguments presented concerned whether Appellee was in fact Plaintiff's employer and whether additional discovery should have been conducted.[1] On May 10, 2018, the trial court granted summary judgment in favor of Appellee, Egan Health Care Corporation.
The record reflects that defendant, Egan Health Care of Plaquemines, Inc., also filed a separate motion for summary judgment on the merits of Plaintiff's discrimination claims. Egan Health Care of Plaquemines' motion for summary judgment was set for hearing on June 19, 2018-after Appellee had been dismissed as a defendant in the litigation. On June 26, 2018, the trial court signed a separate judgment granting Egan Health Care of Plaquemines' motion for summary judgment.[2]
On August 23, 2018, more than 60 days from the date of the judgment rendered in favor of Appellee Egan Health Care Corporation, Plaintiff filed a motion for appeal seeking review of the "Final Judgment as to Defendant's Motion for Summary Judgement [sic] entered by this Court on April 9, 2018 in favor of Defendants, Egan Health Care Corporation d/b/a Egan Home Health & Hospice Services[.]" Although no judgment was rendered on April 9, 2018, only one judgment was rendered against Egan Health Care Corporation.
La. C.C.P. art. 2087 provides that a devolutive appeal may only be taken within 60 days of either: 1) the expiration of the delay for applying for a new trial, if no application has been timely filed; or 2) the date of the mailing of the notice of the court's refusal to grant a timely filed application for a new trial. Davis v. Caraway , 13-619 (La. App. 5 Cir. 2/12/14), 136 So.3d 81, 82 ; Falkins v. Jefferson Parish School Board , 97-26 (La. App. 5 Cir. 5/9/97), 695 So.2d 1005, 1006. The appeal delays set forth in Article 2087 are not prescriptive periods that are subject to interruption;
*462 rather, these time limits are jurisdictional. Id. ; Martin v. Freiberger , 02-188 (La. App. 5 Cir. 6/26/02), 822 So.2d 810, 811. The failure to file a devolutive appeal timely is a jurisdictional defect in that neither this Court nor any other court of review has the jurisdictional power or authority to reverse, revise, or modify a final judgment after the time for filing a devolutive appeal has elapsed. Id. ; Parish of Jefferson v. McGee , 11-76 (La. App. 5 Cir. 5/24/11), 67 So.3d 640, 642 ; Baton Rouge Bank & Trust Co. v. Coleman , 582 So.2d 191, 192 (La. 1991).
Absent a timely filed motion for appeal, the appellate court lacks jurisdiction over the appeal. Davis v. Caraway , supra . An appellate court may, on its own motion, recognize its lack of authority to consider an untimely appeal and dismiss it. Id. ; Martin , 02-188, 822 So.2d at 811 ; State Farm Mut. Auto. Ins. Co. ex rel. Robinson v. Jimenez , 98-1057 (La. App. 5 Cir. 1/26/99), 726 So.2d 465, 466.
In her motion for appeal, Plaintiff provided an incorrect judgment date but clearly sought review of the summary judgment in favor of "Egan Health Care Corporation." Although Plaintiff, on occasion, refers in the trial court record to "Egan" as if the defendants are the same entity, the record is abundantly clear that Appellee, Egan Health Care Corporation, and a separately named defendant, Egan Health Care of Plaquemines, Inc. are two separate entities: Plaintiff filed two separate petitions naming each entity as a defendant; each entity filed separate motions for summary judgment; the trial court conducted two separate hearings on two separate dates on each defendant's motion for summary judgment; and the trial court issued two separate, written judgments on each defendant's separately filed motion for summary judgment.[3]
Further, in reviewing Plaintiff's appellant brief, it is clear that Plaintiff challenges the May 10, 2018 judgment rendered in favor of Egan Health Care Corporation, because the issues raised concern the trial court's finding that Egan Health Care Corporation was not her employer and, the trial court's alleged error in making such a determination without "adequate discovery" conducted.
On appeal Appellee, Egan Health Care Corporation, has filed a motion to dismiss, contending that Plaintiff's appeal of the May 10, 2018 judgment in its favor is untimely. Plaintiff has not responded to or opposed Appellee's motion to dismiss on jurisdictional grounds. Upon thorough review of the record in this matter, we find that Plaintiff failed to timely appeal the May 10, 2018 judgment in favor of Appellee and, thus, this Court lacks jurisdiction to consider the merits of Plaintiff's assignments of error on appeal. Accordingly, we grant Appellee's motion to dismiss and dismiss the appeal.
APPEAL DISMISSED

The hearing on Appellee's motion for summary judgment was previously continued after Plaintiff requested additional time to complete discovery. At the May 8, 2018 hearing, Plaintiff's counsel stated that, "no discovery has taken place [since the last hearing], but there were no deposition[s] because, again, I represent a plaintiff that even to - to pay for the deposition that we took with Peter Egan took about four months for her to gather the funds to do so."

Plaintiff filed a motion for new trial from the June 26, 2018 judgment, which the trial court denied for failure to comply with La. C.C.P. art. 1975.

Egan Healthcare of Plaquemines, Inc. was not named in the motion for appeal and has not filed any pleadings or made any appearance in this Court.