PETITION FOR NULLIFICATION OF
DONATION (MILTON E. COTAYA, JR. AND
EDNA B. COTAYA TO LEE M. COTAYA)

C/W

INTERDICTIONS OF MILTON E. COTAYA,
JR. AND EDNA B. COTAYA

NO. 22-CA-539

C/W

22-CA-540

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 738-534 C/W 719-653, DIVISION "E"
HONORABLE FRANK A. BRINDISI, JUDGE PRESIDING

May 31, 2023

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Marc E. Johnson

**AFFIRMED IN PART; REVERSED IN PART;**
**CASE DISMISSED WITH PREJUDICE**

    **MEJ**
    **FHW**
    **JGG**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
VICKI TOSH
     William R. Penton, III
     James A. Harry

COUNSEL FOR DEFENDANT/APPELLEE,
LEE COTAYA AND FASTENERS, INC.
     J. Douglas Sunseri
     Kathryn A. E. Sunseri

**JOHNSON, J.**

Appellant, Vicki Tosh, appeals the 24th Judicial District Court's July 19, 2022 and September 15, 2022 judgments, granting Appellees', Lee Cotaya and Fasteners, Inc., Peremptory Exceptions of No Right of Action and No Cause of Action. The judgments were later amended as ordered by this Court to add necessary decretal language. The amended judgments were issued on March 6, 2023. For the following reasons, we find that, as the appeal of the judgments in question is timely, this Court has jurisdiction to address the substantive issues raised here. Further, we find the parts of the March 6, 2023 judgments granting Appellees' exception of no cause of action, in consolidated cases 719-653 and 738-534, and dismissing the Petition to Enforce Consent Judgment with prejudice are reversed; however, the parts of the March 6, 2023 judgments sustaining Appellees' exception of no right of action, in consolidated cases 719-653 and 738-534, are affirmed, and the case is dismissed with prejudice.

*FACTS AND PROCEDURAL HISTORY*

On May 17, 2021, Vicki Tosh filed a Petition to Enforce Consent Judgment against her brother Lee Cotaya, and Fasteners, Inc. (collectively "Appellees"), in the 24th Judicial District Court Docket Number 738-534. According to the January 14 and 15, 2015 minute entries from Docket Number 738-534, a consent judgment among the parties was read into the record after a two-day trial of the Petition for Nullification (filed on May 16, 2013). The consent judgment filed into the record on November 30, 2015 was captioned "NO. 738-534 Division 'H' Milton Cotaya, Jr. Edna B. Cotaya, Vicki Cotaya Tosh, Terrence Cotaya, and Trudy Cotaya Blackwood versus Lee M. Cotaya, Fasteners, Inc., and William Credo [also referred to as Petition for Nullification] consolidated with NO. 719-653 Division

1

'E' Interdiction of Milton E. Cotaya, Jr. and Edna B. Cotaya"[1]. The consent judgment, entered into between Vicki Tosh, Appellees, and three curators, on behalf of Edna and Milton E. Cotaya, Sr., was *captioned* as the Consolidated case but only *filed* into the record of the Interdiction case on November 15, 2015. The consent judgment, provided that Fasteners, Inc. and Lee Cotaya were to pay $7,750 monthly, by the 7th of each month, to Lee Cotaya's parents, Milton and Edna Cotaya, until both were deceased. In turn, Vicki Tosh agreed to withdraw the complaint she had filed with the Louisiana Accounting Board against Jan Cotaya, her sister-in-law. The consent judgment also provided that court-appointed curators John Sudderth, Robert Grant, and Albert "Joey" Richard "have full and independent authority to enter into any and all business transactions on behalf of [the interdicts] which said curators agree are reasonable and in the best interests of [the interdicts]." The consent judgment also contained a penalty provision in the event that the specified amount was not timely paid in full. Finally, the consent judgment provided that should Lee Cotaya and Fasteners, Inc. default on the monthly payments to Milton and Edna Cotaya, all the Fasteners, Inc. stock currently held by Lee Cotaya would be transferred back to Mr. and Mrs. Cotaya's ownership.

On July 7, 2021, Appellees filed a "Motion to Dismiss, Exception of No Cause of Action, No Right of Action and Sanctions Pursuant to La. C.C.P. art. 863" in the Nullification case. At the conclusion of the July 7, 2022 hearing on the motions, the district court sustained the Appellees' exceptions of no right of action and no cause of action and denied their motion for sanctions. The record in the Interdiction case reflects the written judgment was signed and filed into the record on July 19, 2022, and the Clerk of Court mailed the judgment on July 20, 2022.

---

[1] For simplicity's sake, throughout the rest of the opinion, the "Consolidated" cases will be referred to as such; Docket number 719-653 will be referred to as the "Interdiction" case; and Docket number 738-534 will be referred to as the "Nullification" case.

The July 19, 2022 judgment was captioned "NO. 719-653 Division 'E' Interdiction of Milton E. Cotaya, Jr. and Edna B. Cotaya."

On September 12, 2022, Vicki Tosh filed a Motion for Appeal and Designation of the Record captioned "NO. 738-534 c/w 719-658 Division 'H' Milton Cotaya, et al. v. Lee M. Cotaya, et al" in the Nullification case. Vicki Tosh's proposed designation of the record included the following:

1. May 17, 2021, Petition to Enforce Consent Judgment and Verification;
2. November 30, 2015, Consent Judgment between the parties;
3. July 7, 2021 Motion to Dismiss. Exceptions of No Cause of Action and No Right of Action and all exhibits attached thereto;
4. August 20, 2021, Opposition to Exceptions or No Cause or Action and No Right or Action and all exhibits attached thereto;
5. July 7, 2022, Minute Entry;
6. July 7, 2022, Transcript of hearing on movant's Petition to Enforce; and
7. September 9, 2000[sic]. Judgment on Exceptions.

The Motion for Appeal and Designation of the Record was granted on September 15, 2022. According to the court record, a judgment captioned "738-534 Division 'E' Interdiction of Milton E. Cotaya, Jr., and Edna B. Cotaya" was also signed and filed into the Nullification case record on September 15, 2022, and mailed by the Clerk of Court to the parties the following day, which granted Appellees' exceptions of no cause of action and no right of action and denied their motions for sanctions. Aside from the judgment's caption and the date the judgment was signed, the September 15, 2022 judgment issued in the Nullification case is identical to the July 19, 2022 judgment issued in the Interdiction case.

### ISSUES RAISED ON APPEAL

Vicki Tosh alleges that the district court committed manifest error by sustaining the exceptions of no right of action and no cause of action. She maintains that she had a valid right of action because she was a party to the consent judgment she seeks to enforce. Further, Vicki Tosh claims the district court erred when it sustained the exception of no cause of action because the allegations in the

3

Petition to Enforce the Consent Judgment "plainly allege that [Appellees] did not obey the consent judgment."

Appellees Lee Cotaya and Fasteners, Inc. contend that Vicki Tosh did not timely move to appeal the July 19, 2022 judgment in the Interdiction case. Specifically, they argue that 1) the Interdiction and Nullification cases were never consolidated, and even if they had been, the delay in which to appeal the July 19, 2022 judgment would have been the same; 2) this Court does not have jurisdiction to hear the appeal in the Interdiction case; 3) the July 19, 2022 judgment filed in the Interdiction case is a final non-appealable judgment and has the preclusive effects of *res judicata* on the September 15, 2022 judgment in the Nullification case; 4) Vicki Tosh's appeal of the identical judgment in the Nullification case is moot and an impermissible collateral attack; and 5) this Court lacks the jurisdiction to hear either of Vicki Tosh's appeals.[2]

## LAW AND DISCUSSION

### Appellate Jurisdiction

Before addressing Vicki Tosh's assigned errors, we first consider Lee Cotaya and Fasteners, Inc.'s allegation that Vicki Tosh's appeal of the July 19, 2022 judgment is not timely, and therefore, this Court does not have appellate jurisdiction to review it. For the reasons discussed below, we find that the Interdiction and Nullification cases were consolidated; administrative or clerical errors were committed first, when the 2015 Consent Judgment was not filed in both cases, and then, when the July 19, 2022 judgment sustaining Appellees' exceptions was not captioned under the Consolidated case and filed in both the Interdiction and Nullification case records. Further, absent any showing that these errors are Appellant's fault, the delays and confusion caused by the errors cannot

---

[2] In their appellate brief, Appellees' request that this Court award sanctions; however, the request was not properly asserted. Requests for sanctions are properly asserted in an Answer. *See* La. C.C.P. art. 2133; *Lockett v. UV Ins. Risk Retention Group, Inc.*, 15-166 (La. App. 5 Cir. 11/19/15), 180 So.3d 557, 577.

be attributed to Vicki Tosh. Accordingly, the appeal will be maintained as appeals are favored in the law. *See Thibodeaux v. Pac. Mut. Life Ins. Co.*, 95 So.2d 183, 184-85 (La. App. 1st Cir. 1957).

La. C.C.P. art. 1561 provides for consolidation of two or more separate suits involving common issues of law or fact in the same court. This is a procedural device which allows a trial court to deal with similar issues of law or fact in one trial; it does not merge the parties, affect the running of delays, or authorize consolidation of judgments or appeals. *Davis v. Am. Home Products Corp.*, 95-1035 (La. 5/19/95), 654 So.2d 681.

The July 28, 2014 minute entry in the Nullification case reflects that the former curator's motion to consolidate the Nullification case, which was pending in Division "H" of the 24th Judicial District Court with the Interdiction case, then pending in Division "E" of the 24th Judicial District Court, was granted. However, there is no corresponding judgment contained in the record. Thereafter, the former curator filed a Motion to Rename the Motion to Consolidate Motion to Transfer, which was granted on October 2, 2014. The district court's record in the Nullification case also reflects that following a July 28, 2014 hearing, a judgment granting a motion to transfer the Nullification case from Division "H" to Division "E" was signed on August 14, 2014.

The judgment -- captioned "Petition for Nullification of Donation (Milton E. Cotaya, Jr. and Edna B. Cotaya to Lee M. Cotatya)," dismissing with prejudice both the original and amended Petitions for Nullification of Donation (filed on January 7, 2015) -- was signed on January 12, 2015, and filed into the Nullification case's record on January 20, 2015.

However, two minute entries dated January 14 and 15, 2015 (but also entered into the record on January 20, 2015) in the Nullification case reflect that a hearing was held on the Petition for Nullification of Donation on those dates.

Following two days of testimony, "[a] settlement was reached between all parties and read into the record." The corresponding January 15, 2015 minute entry in the Interdiction case states that Lee Cotaya's motions to enforce judgment, to find Vicki Tosh in contempt of court, and for attorneys fees and costs, were continued without date.[3] On November 30, 2015, the consent judgment entered into on January 15, 2015, which became the judgment of the court that same day, was reduced to writing, captioned as the Consolidated case, and filed with the court in the Interdiction case only.

The consent judgment states that "the parties agreed to a *global* settlement" and states, "IT IS FURTHER ORDERED, ADJUDGED AND AGREED that all exceptions, motions, and claims presently pending ***in the above-entitled matters*** [the Interdiction and Nullification cases] are hereby dismissed with prejudice, each party to bear its own costs[.]" There are also other pleadings filed in both the Interdiction and Nullification cases captioned as the Consolidated case.

Based on the preceding facts and law, we find that the parties, district court judge, and clerks clearly intended and understood the consent judgment to settle the ongoing litigation in both the Interdiction and Nullification cases. Further, although La. C.C.P. art. 1561 does not authorize the consolidation of judgments, "[t]he trial court may enter separate judgments in each consolidated case or ***one judgment under a caption reflecting the consolidation of the cases***." (Emphasis added). STETTER, ROGER A., ESQ., LOUISIANA PRACTICE SERIES: LOUISIANA CIVIL APPELLATE PROCEDURE § 3:10 (Sept. 2022 update). *See U.S. Fire Ins. Co. v. Swann*, 424 So.2d 240, 245 (La. 1982). The district court filed one consent judgment in the Interdiction case in 2015, under a caption reflecting the consolidation of the cases. We find the failure to file the November 30, 2015

---

[3] A Petition for Approval and Authority for Sale and Transfer of Property (800 Dakin St. in Metairie, LA) was also continued without date on January 15, 2015.

6

judgment in the record of the Nullification case was an administrative or clerical error, or oversight. *Cf., Thibodeaux v. Pac. Mut. Life Ins. Co.*, 95 So.2d 183, 184-85 (La. App. 1st Cir. 1957) (finding that where the court could not determine whether counsel for appellant or clerk's error led to minute entry that directed notation of appeal to the wrong court, error would not be imputed to appellant, and appeal would not be dismissed); *Swann*, *supra* at 245 (finding dismissal of the appeal of one of three consolidated cases was not proper when 1) trial court issued reasons for judgment disposing of issues from all three cases under single caption and number of first-filed, lowest-numbered case; 2) some parties failed to follow the court's directive to prepare one judgment that disposed of all of the issues, in conformity with the reasons for judgment in all three cases, but the court signed those judgments (which only included the captions and numbers from two of the three cases; and 3) the appellant, intending to appeal all three cases, captioned his notice of appeal in the same manner as the trial court captioned its reasons for judgment, and the clerk of court issued notification to all parties that appeal was being taken in all three cases.); La. C.C.P. art. 2161. Because the appellant in this case is not at fault, we will not impute the delay to Vicki Tosh. *See Id.*; *Romero v. Hogue*, 77 So.2d 74, 77-78 (La. App. 1st Cir. 1954) (finding appellee had legal remedies if he felt missing reasons for judgment should be filed into record and were necessary to determine the merits of the appeal, trial court's failure to issue reasons for judgment were not appellant's fault, and therefore appellee did not urge grounds to dismiss appeal). Further, for reasons more fully explained below, we find the fact that Vicki Tosh's Petition to Enforce the Consent Judgment was filed in the Nullification proceeding, as opposed to the Interdiction proceeding, is of no consequence.

In sum, a review of the records from the Interdiction and Nullification proceedings reveals:

1) The Interdiction and Nullification cases were consolidated at the district court level on July 28, 2014, according to a minute entry in the Nullification proceeding.

2) The November 30, 2015 consent judgment was a valid, final judgment that resolved the pending issues between the parties in both the Interdiction and Nullification proceedings.

3) The November 30, 2015 consent judgment filed under the Consolidated case caption was filed in the Interdiction proceeding, but not the Nullification proceeding.

4) Vicki Tosh filed a Petition to Enforce Consent Judgment in the Nullification proceeding on May 17, 2021.

5) Lee Cotaya and Fasteners, Inc. filed their Motion to Dismiss, Exception of No Cause of Action, No Right of Action, and Sanctions Pursuant to La. C.C.P. art. 863 on July 7, 2021 in the Nullification proceeding.

6) The district court rendered judgment sustaining Lee Cotaya and Fasteners, Inc.'s exceptions on no right of action and no cause of action, according to a July 7, 2022 Nullification case minute entry.

7) Lee Cotaya and Fasteners, Inc. filed and entered a proposed written judgment on July 14, 2022 in the Interdiction proceedings.

8) On July 19, 2022, the district court filed one judgment in the Interdiction proceedings sustaining the exceptions of no cause and no right of action and denying the motion for sanctions. The district court issued a written judgment on July 19, 2022 in the Interdiction case and mailed the judgment the following day.

Based on the foregoing, we conclude that the Nullification and Interdiction cases were consolidated, and it was error not to issue the July 19, 2022 judgment under the Consolidated case caption. Otherwise, Appellees and the district court erred when filing and issuing a judgment within the Interdiction case to resolve the issues alleged in the Petition to Enforce Consent Judgment filed in the Nullification case. The district court issued a judgment in the Nullification case on September 15, 2022[4], a few days after Vicki Tosh filed a Motion to Appeal and Designate the Record in the Nullification case. The motion to appeal was

---

[4] The September 15, 2022 judgment filed in the Nullification case was captioned "Interdiction of Milton E. Cotaya, Jr. and Edna B. Cotaya" but the docket number of the Nullification case (738-534) was listed.

captioned as the Consolidated case. The September 15, 2022 judgment in the Nullification case was identical to the July 19, 2022 judgment in the Interdiction case, aside from the caption and judgment date.

Because we find that the Interdiction and Nullification proceedings were consolidated, and Vicki Tosh filed her Motion to Appeal and Designate the Record within the time delays allowed by law, triggered by the July 20, 2019 mailing of the judgment issued in the Interdiction proceedings[5], we find that Vicki Tosh has timely appealed the judgment sustaining Appellees' exceptions. Therefore, the Court will exercise its appellate jurisdiction over the consolidated appeals[6].

### *Assignments of Error*

We now consider Vicki Tosh's allegations that the district court committed manifest error by sustaining the exceptions of no right of action and no cause of action. She maintains that she had a valid right of action because she was a party to the consent judgment she seeks to enforce. Further, Vicki Tosh claims the district court erred when it sustained the exception of no cause of action because the allegations in the Petition to Enforce the Consent Judgment "plainly allege that [Appellees] did not obey the consent judgment."

### *Exception of No Cause of Action*

> The exception of no cause of action serves to test the legal sufficiency of a petition by determining whether the law affords a remedy on the facts alleged. The pertinent inquiry is whether, in a light most favorable to the plaintiff and with every doubt resolved in plaintiff's favor, the petition states any valid cause of action for relief.

---

[5] La. C.C.P. art. 2087 provides that a devolutive appeal may only be taken within 60 days of either: 1) the expiration of the delay for applying for a new trial, if no application has been timely filed; or 2) the date of the mailing of the notice of the court's refusal to grant a timely filed application for a new trial. *Davis v. Caraway*, 13-619 (La. App. 5 Cir. 2/12/14), 136 So.3d 81, 82; *Falkins v. Jefferson Parish School Board*, 97-26 (La. App. 5 Cir. 5/9/97), 695 So.2d 1005, 1006. The appeal delays set forth in Article 2087 are not prescriptive periods that are subject to interruption; rather, these time limits are jurisdictional. *Id.*; *Martin v. Freiberger*, 02-188 (La. App. 5 Cir. 6/26/02), 822 So.2d 810, 811. Absent a timely filed motion for appeal, the appellate court lacks jurisdiction over the appeal. *Caraway, supra.*

[6] Cases are docketed by the clerk of the appellate court under the same title used in the trial court. *La. Unif. Ct. App. R. 2-5.1.* Thus, if the trial court judgment was entered in consolidated cases, the appellate court's judgment may also be so entered. However, care must nonetheless be taken to ensure that each consolidated case is properly appealed. STETTER, ROGER A., ESQ., LOUISIANA PRACTICE SERIES: LOUISIANA CIVIL APPELLATE PROCEDURE § 3:10 (Sept. 2022 update).

La. C.C.P. arts. 927, 931[.] The exception is triable on the face of the petition, with the trial court presuming that all well-pleaded facts in the petition are true. Contrary factual assertions are considered defenses which must be tried on the merits.

*Olavarrieta v. Robeson*, 22-158 (La. App. 5 Cir. 7/6/22), 345 So.3d 1103, 1106-07.

No evidence may be introduced to support or controvert the exception raising the objection of no cause of action. La. C.C.P. art. 931; *DiLeo v. Hansen*, 09-974 (La. App. 5 Cir. 6/29/10), 45 So.3d 1120, 1122-23, *citing Ramey v. DeCaire* 03-1299 (La.3/19/04), 869 So.2d 114, 118. In reviewing a trial court's ruling on a peremptory exception of no cause of action, the appellate court should conduct a *de novo* review because the exception raises a question of law, and the trial court's decision is based only on the sufficiency of the petition. *DiLeo v. Hansen*, 45 So.3d at 1122-23, *citing Industrial Companies, Inc. v. Durbin,* 02-0665 (La. 1/28/03), 837 So.2d 1207, 1213.

Upon *de novo* review of the November 30, 2015 consent judgment, for the following reasons, we find that the district court erred when it found that Vicki Tosh's petition failed to state a valid cause of action.

A consent judgment is a bilateral contract in which parties adjust their differences by mutual consent, thereby putting an end to a lawsuit with each party balancing hope of gain against fear of loss. La. C.C. art. 3071; *Peeler v. Dural*, 06-936 (La. App. 5 Cir. 4/11/07), 958 So.2d 31, 35. A consent judgment has attributes both of contracts and judicial decree. *Peeler v. Dural*, 06-936 (La. App. 5 Cir. 4/11/07), 958 So.2d 31, 35. This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding. *Matchmaker Int'l of New Orleans, Inc. v. Osborne*, 94-920 (La. App. 5 Cir. 3/15/95), 653 So.2d 686, 689. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form. *Id.*

When parties voluntarily negotiate and sign a consent judgment, Louisiana law recognizes that as the law between the parties, and the trial court's enforcement of a consent judgment must follow the intent of the parties based upon the explicit words of the contract. *Lawrence v. Ashton Plantation Home Owners Ass'n, Inc.*, 22-122 (La. App. 5 Cir. 6/28/22), 344 So.3d 232, 240, *writ denied*, 22-1157 (La. 11/1/22), 349 So.3d 5, *reconsideration not considered*, 22-1157 (La. 1/18/23), 353 So.3d 129.

In this case, the consent judgment contains no terms or language that limits the life of the contract it created to the duration of the interdiction[7], or the related court cases. The consent judgment also does not restrict or place conditions on the parties' freedom to enforce the contract.

We observe that this contentious and litigious family dispute has continued for many years after Mr. and Mrs. Cotaya's deaths. But, all personal actions, including actions to enforce contractual obligations, are generally subject to a liberative prescription of ten years, unless otherwise provided. *See* La. C.C. art. 3499; *DePhillips v. Hosp. Serv. Dist. No. 1 of Tangipahoa Par.*, 17-1423 (La. App. 1 Cir. 9/5/19), 285 So.3d 1122, 1126, *writ granted*, 19-1496 (La. 12/10/19), 285 So.3d 484, and *aff'd*, 19-1496 (La. 7/9/20), 340 So.3d 817. In considering whether a valid cause of action was stated by the petition, we cannot consider the evidence submitted by Appellees that they performed as agreed. The face of the Petition to Enforce Consent Judgment timely states a valid cause of action – the petition alleges that Lee Cotaya and Fasteners, Inc. did not perform their obligations per the consent judgment.

---

[7] From the record, it appears that Mr. Cotaya died on August 10, 2015 and Mrs. Cotaya died on November 18, 2016. The interdiction ended upon the death of Mrs. Cotaya in 2016. *See* La. C.C. art. 397.

Although Vicki's Tosh's petition has stated a valid cause of action that the dismissal of the court cases, or termination of the interdiction, has not extinguished the cause, for the following reasons, we find that she, in her individual capacity, does not have a right of action in this instance.

*Exception of No Right of Action*

The burden of proof of establishing the exception of no right of action is on the exceptor. *City of New Orleans v. Board of Directors of Louisiana State Museum*, 98–1170 (La. 3/2/99), 739 So.2d 748, 755. The exception of no right of action tests whether the plaintiff has a "real and actual interest" in the action, but it does not raise questions of the plaintiff's ability to prevail on the merits or whether the defendant may have a valid defense. *Succession of Sylvester*, 16-372 (La. App. 5 Cir. 12/14/16), 215 So.3d 368, 371, *writ denied*, 17-265 (La. 4/13/17), 218 So.3d 119, and *writ not considered*, 17-265 (La. 5/26/17), 221 So.3d 858, *citing Lemmon Law Firm, LLC v. Sch. Bd. of St. Charles*, 13–376 (La. App. 5 Cir. 12/12/13), 131 So.3d 231, 236. At the hearing on the exception of no right of action, the exception may be submitted on the pleadings, or evidence may be introduced either in support of or to controvert the objection raised when the grounds thereof do not appear from the petition. La. C.C.P. art. 931. An appellate court reviewing a lower court's ruling on an exception of no right of action should focus on whether the particular plaintiff has a right to bring the suit and is a member of the class of persons that has a legal interest in the subject matter of the litigation, assuming the petition states a valid cause of action for some person. *Sylvester*, *supra citing Eagle Pipe & Supply, Inc. v. Amerada Hess Corp.*, 10-2267 (La. 10/25/11), 79 So.3d 246, 256. The determination whether a plaintiff has a right to bring an action raises a question of law, which requires *de novo* review. *Id.*

Per the terms of the consent judgment, in consideration for her brother Lee Cotaya and Fasteners Inc.'s promises to pay her parents a monthly allowance,

Vicki Tosh would withdraw her complaint against Lee Cotaya's wife with the Louisiana Accounting Board. Per the terms of the consent judgment, Vicki Tosh also agreed that all pending litigation in the consolidated cases 719-653 and 738-534 would be dismissed with prejudice, with each party to bear their own costs. She also agreed to the dismissal with prejudice of all other pending related litigation – at least three other cases. Last, the consent judgment also gave three court-appointed curators "full and independent authority to enter into any and all business transactions" on behalf of Mr. Cotaya (who was deceased by the time that the consent judgment was reduced to writing) and Mrs. Cotaya, that they agreed were in the interdicts' best interest.

Vicki Tosh was a party to the consent judgment, but her parents were also parties to the consent judgment, through their curators. The consent judgment, along with the district court record and pleadings by Vicki Tosh and other siblings, shows that Lee Cotaya and Fasteners' Inc.'s obligations to make monthly payments to Mr. And Mrs. Cotaya arose out of some of the siblings' desire to ensure that all of the siblings shared in the benefits derived from the success of the family business. The consent judgment refers to the amount Lee Cotaya was to pay monthly *to his parents* as "deferred compensation" for the stock transfer the parents made to Lee Cotaya in 2012. The payment from Fasteners, Inc. was to be made *to Mr. and Mrs. Cotaya* "pursuant to the lease agreement" presumably for the building that housed the business. Mr. and Mrs. Cotaya's successions opened upon their deaths in 2015 and 2016, respectively. A succession representative is the proper party to assert a right of the succession while the succession is under administration. *Branch v. Young*, 13-686 (La. App. 5 Cir. 2/26/14), 136 So.3d 343, 350. According to Appellees' pleadings and briefs, Vicki Tosh was the administrator of her father's succession and a special master was subsequently appointed to her parents' consolidated successions. Therefore, we find that Vicki

Tosh, in her individual capacity, does not have a right of action to enforce the terms of the consent judgment that first inured to her parents' benefit.

### *Res Judicata*

"La. C.C.P. art. 1673 provides a dismissal with prejudice has the same effect as a final judgment of dismissal after trial. Therefore, a true dismissal with prejudice results in the application of the doctrine of *res judicata.* Pursuant to La. R.S. 13:4231(2), a judgment of dismissal with prejudice extinguishes all causes of action existing at the time of the final judgment arising from the same transaction or occurrence that is the subject matter of the litigation and bars subsequent litigation on those causes of action." *Bailey v. Exxon Mobil Corp.*, 15-313 (La. App. 5 Cir. 12/23/15), 184 So.3d 200, 206-07 (Emphasis added, citation omitted). No allegation has been made that the alleged cause of action regarding Lee Cotaya and Fasteners, Inc.'s failure to perform their obligations pursuant to the consent judgment existed at the time the Petition for Nullification was dismissed with prejudice, or when the consent judgment was reduced to writing, or when the interdiction of Lee Cotaya and Vicki Tosh's parents terminated upon the parents' deaths. Thus, notwithstanding the procedural posture of the Interdiction and Nullification cases, a party with standing could proceed with an action to enforce the November 30, 2015 consent judgment that had not otherwise been prescribed. Therefore, contrary to Appellees' assertions, the dismissal of the original and amended Nullification petitions in January of 2015 with prejudice did not extinguish future causes of action regarding the consent judgment in the Nullification proceeding. Also, the termination of the interdiction upon the death of Mrs. Cotaya did not extinguish future causes of action regarding the consent judgment in the Interdiction proceedings. Further, the July 19, 2022 judgment and the September 15, 2022 judgment are, essentially, the same, and because Vicki

Tosh's appeal of the July 19, 2022 judgment was timely, any effect, due to *res judicata*, the earlier judgment had on the other is moot.

### *DECREE*

Considering the Interdiction and Nullification proceedings were consolidated, and Vicki Tosh filed her Motion to Appeal and Designate the Record within the time delays allowed by law, we find the instant appeal is timely and, therefore this court has jurisdiction to address this appeal. Further, the parts of the March 6, 2023 judgments sustaining Appellees' exceptions of no cause of action in consolidated cases 719-653 and 738-534 and dismissing the Petition to Enforce Consent Judgment are reversed. The parts of the March 6, 2023 judgments sustaining Appellees' exceptions of no right of action in consolidated cases 719-653 and 738-534 and dismissing the Petition to Enforce Consent Judgment with prejudice are affirmed.

**AFFIRMED IN PART; REVERSED IN PART; CASE DISMISSED WITH PREJUDICE**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
CORNELIUS E. REGAN, PRO TEM

JUDGES



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **MAY 31, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**22-CA-539**
**C/W 22-CA-540**

### E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE FRANK A. BRINDISI (DISTRICT JUDGE)
JAMES A. HARRY (APPELLANT)          WILLIAM R. PENTON, III (APPELLANT)          J. DOUGLAS SUNSERI (APPELLEE)
ROBERT W. GRANT (APPELLEE)

### MAILED

AMANDA SHIVELY (APPELLEE)
EDWARD C. VOCKE, IV (APPELLEE)
KATHRYN A. E. SUNSERI (APPELLEE)
ATTORNEYS AT LAW
3000 18TH STREET
METAIRIE, LA 70002