CHAISSON, J.
In this case arising from a writ of mandamus filed pursuant to a public records request under the Louisiana Public Records Law, La. R.S. 44:01 et seq., Brett Casimer appeals a trial court judgment denying the writ. For the following reasons, we vacate the judgment of the trial court and remand to the trial court for further proceedings.
FACTS AND PROCEDURAL HISTORY
On September 29, 2011, prior to the institution of the present suit relating to a public records request, Mr. Casimer was charged with aggravated rape and aggravated kidnapping. After trial of the criminal matter, the jury returned verdicts of forcible rape and second-degree kidnapping and the trial court sentenced Mr. Casimer to 10 years imprisonment.[1]
On November 23, 2014, Mr. Casimer filed a public records request with the Jefferson Parish District Attorney's Office requesting a copy of its file for his case. The DA's office informed Mr. Casimer that his file contained 736 pages, 445 photographs, and 13 compact discs (CDs) and quoted a total cost to duplicate the file. Mr. Casimer made payment for the quoted cost, and the DA's office mailed a copy of the record to him on or about May 29, 2015. In correspondence a few months later, Mr. Casimer informed the DA's office that he was unable to access certain portions of his file because some of the CDs were incompatible with his computer; in response, the DA's office informed Mr. Casimer that it was unable to offer any assistance regarding the issue of compatibility. In March 2016, Mr. Casimer informed the DA's office that the duplicate file sent to him was missing 78 documents, 84 photos, and one CD from the total he was initially quoted and for which he had previously paid. The DA's office responded by stating that everything that was in its file of Mr. Casimer's criminal case had been sent to him.
On November 9, 2016, Mr. Casimer instituted the present suit by filing a Petition for Supervisory Writ of Mandamus directed to the DA's Office requesting that it provide him with a copy of the missing CD (which he believed contained missing photographs of the victim's clothing), copies of certain CDs in a different file format, and any other evidence collected but omitted from his file. No order was issued by the trial court specifically in response to the Petition for Supervisory Writ of Mandamus.
*395 In addition to the Petition for Supervisory Writ of Mandamus, Mr. Casimer also filed, on the same date, a Motion to Compel, which prayed that the trial court order the DA's Office to provide him with the complete file for his case without delay. In response to the Motion to Compel, on December 12, 2016, the trial court issued an order instructing the DA's Office to provide Mr. Casimer with a copy of his entire file within 30 days or face contempt sanctions.
On January 18, 2017, the DA's Office filed a written response to the Motion to Compel in which it stated that it believed all materials in its possession responsive to the public records request had been provided to Mr. Casimer and that it had previously provided him with hard copies of the materials contained on the CDs as specified by him. The DA's Office further indicated that upon request and receipt of additional copying costs, it would make his file available to his representative for inspection and copying.
On February 22, 2017, believing the DA's office continued to withhold evidence relating to the victim's clothing, Mr. Casimer filed an Amended and Supplemental Supervisory Writ of Mandamus, directed to both the DA's Office and the Jefferson Parish Clerk of Court, in which he requested full documentation relating to the victim's clothing as well as a contradictory hearing and in camera inspection pursuant to La. R.S. 44:35. In response to the amended writ, the trial court issued an order instructing the DA's Office to provide Mr. Casimer with "[a]ll Photographs and test results of Ms. Wilson's clothing," and setting a contradictory hearing for the Clerk of Court to appear to show cause why it should not produce certain records requested by Mr. Casimer.
A contradictory hearing on the amended writ was held on May 1, 2017, at which time the Clerk of Court indicated that it was not in possession of any evidence regarding the victim's clothing. The DA's office indicated that from a review of the case file, it did not appear that any of the victim's clothing was taken into evidence by anybody, and specifically stated that it was not in possession of any evidence regarding the victim's clothing. The DA's Office also represented to the trial court that it believed it had turned over the entire contents of Mr. Casimer's file to him. The court granted Mr. Casimer an opportunity to examine the contents of his file at the DA's office; however, this did not resolve the question of missing evidence and/or records, and the hearing was continued to a later date.
Following statements by the Assistant DA at the May 1, 2017 hearing that perhaps the Jefferson Parish Sheriff's Office was in possession of the evidence Mr. Casimer was requesting, Mr. Casimer filed another Amended and Supplemental Supervisory Writ of Mandamus, directed to both the DA's Office and the Jefferson Parish Sheriff's Office, requesting evidence from his case relating to the victim's clothing. A hearing on Mr. Casimer's second amended writ was held on July 28, 2017. No one appeared at this hearing on behalf of the Sheriff's Office.[2] The DA's office again represented to the trial court that it was not in possession of the evidence and/or records sought by Mr. Casimer. After this hearing, the trial court found that the DA's Office was not in possession of the materials requested by Mr. Casimer and therefore denied his writ of mandamus *396 as well as his motions for sanctions and/or punitive damages. Mr. Casimer's timely appeal follows.
DISCUSSION
On appeal, Mr. Casimer argues that the trial court prematurely rendered judgment dismissing the public records suit when the "Sheriff admitted having possession of the missing court records essential for its findings and conclusion to dismiss suit."[3] Mr. Casimer further argues that the trial court erred in dismissing the suit as to the DA's Office because, despite the alleged possession of the missing records by the Sheriff's Office, the DA's Office was still the custodian of those records and responsible for their production.
We note that the August 14, 2017 judgment addresses the writs of mandamus only as they relate to the DA's Office, and makes no mention of resolution of the writs as they relate to the Clerk of Court or the Sheriff's Office. Both the Clerk of Court and the Sheriff's Office were added as parties in the Supplemental and Amended Writs of Mandamus, and neither of those parties were dismissed by the August 14, 2017 judgment.
Without the participation of the Sheriff's Office in the contradictory hearing on the amended writ, where it is alleged that the Sheriff's Office may be in possession of some of the missing records, it is impossible for this Court to determine whether the trial court erred in denying the writ of mandamus as to the DA's office. Although the DA's Office has clearly indicated that it does not believe that any article of the victim's clothing was taken into evidence by anyone or that any testing was conducted on said clothing, and that, if such collection and testing was performed, the DA's Office has never been in possession of same, it does not appear from the record that the victim's clothing is the only item subject to Mr. Casimer's public records request that he alleges is missing. Under the procedural posture of this case, we find that it was not appropriate for the trial court to partially dispose of the amended writs of mandamus without the participation of all necessary parties in the contradictory hearing.
CONCLUSION
For the forgoing reasons, we vacate the district court's August 14, 2017 judgment denying Mr. Casimer's amended writs of mandamus and remand this case to the trial court for a contradictory hearing pursuant to La. R.S. 44:35(B) with the participation of all parties cited in Mr. Casimer's amended writs.
VACATED AND REMANDED

Mr. Casimer's conviction and sentence were affirmed on appeal by this Court. State v. Casimer , 12-678 (La. App. 5 Cir. 3/13/13), 113 So.3d 1129.

It is not clear from the record whether the Sheriff's Office was ever served with any notice to appear at this hearing.

We find nothing in the record before us that supports Mr. Casimer's assertion that the Sheriff's Office has admitted that it possesses the documents that he alleges are missing, although it is clear from the record that Mr. Casimer is attempting to also obtain those records from the Sheriff's Office.