BRETT S. CASIMER

VERSUS

PAUL D. CONNICK, JR., DISTRICT
ATTORNEY FOR THE 24TH JUDICIAL
DISTRICT COURT; PARISH OF JEFFERSON,
STATE OF LOUISIANA

NO. 19-CA-202

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 766-414, DIVISION "P"
HONORABLE LEE V. FAULKNER, JR., JUDGE PRESIDING

November 06, 2019

**JUDE G. GRAVOIS**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Robert A. Chaisson, and Hans J. Liljeberg

<u>**APPEAL DISMISSED**</u>

**JGG**
**RAC**
**HJL**

COUNSEL FOR PLAINTIFF/APPELLANT,
BRETT S. CASIMER
      Brett S. Casimer

COUNSEL FOR DEFENDANT/APPELLEE,
PAUL D. CONNICK, JR., DISTRICT ATTORNEY FOR THE 24TH JUDICIAL
DISTRICT COURT; PARISH OF JEFFERSON STATE OF LOUISIANA
      Paul D. Connick, Jr.
      Terry M. Boudreaux
      David B. Wheeler

**GRAVOIS, J.**

Plaintiff/appellant Brett S. Casimer[1] appeals a final judgment rendered by the district court on October 12, 2018 which found that his request for public records had been fulfilled and dismissed his suit against the District Attorney for the Parish of Jefferson, the Jefferson Parish Sheriff's Office, and the Clerk of Court for the 24th Judicial District Court with prejudice. For the following reasons, we find that this appeal is untimely, and accordingly, we dismiss this appeal.

## FACTS AND PROCEDURAL HISTORY

In 2016, plaintiff Brett S. Casimer brought this mandamus suit against the District Attorney for the Parish of Jefferson, seeking to obtain his entire criminal file from the District Attorney in order to aid in his preparation of a post-conviction relief application.[2] In the course of that proceeding, Mr. Casimer amended his petition twice to add as defendants the Jefferson Parish Sheriff's Office and the Clerk of Court for the 24th Judicial District Court. Pertinent to this proceeding, following a hearing on October 12, 2018 with all parties present, a final judgment was rendered that same day declaring that the amended and supplemental writ of mandamus filed against the parties was fully satisfied and further ordering that "all parties be and are hereby dismissed with prejudice."[3]

Previously, in the same suit, the trial court had issued a judgment on August 14, 2017 which dismissed the suit against the Sheriff, which Mr. Casimer appealed. *Casimer v. Connick*, 17-669 (La. App. 5 Cir. 6/27/18), 250 So.3d 393. This Court noted that the appealed judgment dismissed only the District Attorney

---

[1] In the multiple criminal and civil proceedings, appellant's name is variously spelled as both "Casimer" and "Casimir."

[2] Mr. Casimer was convicted of one count of forcible rape and one count of second degree kidnapping. This Court affirmed his conviction on appeal. *State v. Casimer*, 12-678 (La. App. 5 Cir. 3/13/13), 113 So.3d 1129. He did not seek review with the Supreme Court. Mr. Casimer has filed at least one previous application for post-conviction relief that was denied and for which he sought review in this Court. This Court denied that application for review. *State v. Casimer*, 15-KH-181 (La. App. 5 Cir. 5/13/15) (unpublished writ disposition).

[3] This ruling was captioned as an "Order" but nonetheless is a final judgment containing the proper decretal language.

and not the Clerk of Court or the Sheriff's Office. This Court vacated the judgment and remanded the matter for further proceedings, finding that under the procedural posture of the case, it was not appropriate for the trial court to partially dispose of the amended writs of mandamus without the participation of all necessary parties in the contradictory hearing. *Id.* at 396.

At the proceedings on remand, the Clerk of Court's Office and the Sheriff's Office, as well as the District Attorney, appeared and participated in hearings in September and October of 2018. The October 12, 2018 judgment dismissed all parties with prejudice. The record reflects that notice of this judgment was mailed to Mr. Casimer on October 16, 2018.

Thereafter, on October 30, 2018, Mr. Casimer filed a pleading entitled "Notice of Intent to Seek Writs," declaring his intent to seek review of a judgment dated August 14, 2017.[4] It is noted that this August 14, 2017 judgment is the same judgment that Mr. Casimer previously appealed in *Casimer v. Connick*, *supra*. It appears that this date may have been a typographical error or the result of Mr. Casimer's altering the motion for appeal he used in 2017 in his first appeal. On October 30, 2018, the district court signed the Order attached to the notice of intent, granting Mr. Casimer until November 29, 2018 within which to apply for supervisory writs to this Court. Service information in the record indicates that Mr. Casimer was served with notice of the return date on November 16, 2018.

On December 12, 2018, Mr. Casimer filed in the district court a pleading entitled "Motion for Disposition or Ruling," wherein he noted the final judgment of October 12, 2018 and that he had filed a notice of intent. He alleged therein that the district court had failed to respond to his notice of intent. (However, as noted above, the record reflects that Mr. Casimer was served on November 16, 2018 with

_____

[4] The record shows a stamped filing date of October 30, 2018, but the certificate Mr. Casimer attached to the filing shows that he signed the attached certificate of service on October 23, 2018.

the court's ruling granting his notice of intent and setting November 29, 2018 as the return date.) The motion's prayer, however, asks for obscure relief, and does not clearly seek additional time within which to file a writ or an appeal. The trial court denied the motion on December 14, 2018, stating in its own order that it was unable to determine the relief Mr. Casimer sought from the court in his motion.

Thereafter, on February 12, 2019, Mr. Casimer filed a "Motion to Annul Final Judgement and Reinstate Appeal Time" in which he refers to the October 30, 2018 notice of intent as pertaining to the October 12, 2018 judgment, further noting that the October 12, 2018 judgment was a "final judgment." The Motion also seeks more evidence allegedly in possession of the Jefferson Parish Sheriff's Office or the Jefferson Parish Crime Lab, referencing subsequent requests for records Mr. Casimer made to those offices after the October 12, 2018 final judgment.[5] The motion does not seek to annul any particular judgment and does not seek reinstatement of appeal time, despite its title and caption.[6] The trial court denied the motion without reasons on February 14, 2019.

Finally, on April 2, 2019, Mr. Casimer filed a "Notice of Intent to File Suspensive Appeal and Order of Appeal," which referenced multiple pleadings in the record and several prior "final order[s]" in the record, including the October 12, 2018 order, but not specifying which (any or all) prior order of the court might be the subject of the appeal. The trial court signed the attached order, granting the "suspensive" appeal and setting a "due date" of May 9, 2019 within which to file

---

[5] Mr. Casimer notes therein that he filed another request for public records on December 13, 2018, seeking items allegedly referenced by the witness Elaine Schneida at the October 12, 2018 hearing on this matter. However, it is unclear whether this was a post-dismissal filing in this suit, or a new matter. Mr. Casimer did file a new suit captioned *Casimir v. Joseph Lopinto III, Sheriff of Jefferson*, No. 791-794, 24th Judicial District Court, which also seeks public records.

[6] The prayer states: "WHEREFORE, for the good cause shown in the interest of justice and fundamental fairness, Petitioner prays that this Honorable Court will issue an order directing that any and all evidence in possession of the Jefferson Parish Sheriff's Office, including the Jefferson Parish Crime Lab to be provided in accordance with Louisiana law."

the appeal in this Court. The appellate record was lodged in this Court on May 3, 2019.

## ANALYSIS

The appeal delays found in La. C.C.P. art. 2087 are not prescriptive periods that are subject to interruption; rather, these time limits are jurisdictional. An appellant's failure to file an appeal timely is a jurisdictional defect in that neither the court of appeal nor any other court has the jurisdictional power and authority to reverse, revise, or modify a final judgment after the time for filing a devolutive appeal has elapsed. *Par. of Jefferson v. McGee*, 11-76 (La. App. 5 Cir. 5/24/11), 67 So.3d 640, 642, citing *Harper v. Eschenazi*, 04-863 (La. App. 5 Cir. 12/28/04), 892 So.2d 671, 673.

The trial court's October 12, 2018 Order, dismissing all parties with prejudice, is clearly a final judgment under La. C.C.P. art. 1841.[7] It is noted that Mr. Casimer filed a notice of intent on October 30, 2018 seeking time within which to file a writ of supervisory review, rather than a motion for an appeal of a final judgment.[8] As noted above, on October 30, 2018, the district court signed the Order attached to the notice of intent, granting Mr. Casimer until November 29, 2018 within which to apply for supervisory writs to this Court. Service information in the record indicates that Mr. Casimer was served with notice of the return date on November 16, 2018. Importantly, Mr. Casimer did not proceed to subsequently file a writ application with this Court. Therefore, Mr. Casimer's

---

[7] La. C.C.P. art. 1841 provides:

A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final.

A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.

A judgment that determines the merits in whole or in part is a final judgment.

[8] It is noted that in his previous appeal, Mr. Casimer filed a motion for an appeal after the final judgment of August 14, 2017 that was timely, unambiguous, and comprehensible, clearly seeking appellate review of that judgment. Accordingly, defendant has previously demonstrated an understanding of the procedural requirements for taking an appeal.

notice of intent filed on October 30, 2018 cannot be construed as a timely-filed motion for an appeal of the trial court's October 12, 2018 Order.

Further, Mr. Casimer's "Motion for Disposition or Ruling," filed on December 12, 2018, cannot be construed as a timely-filed motion for an appeal, as he did not seek such relief therein. The same can be said with respect to the "Motion to Annul Final Judgement and Reinstate Appeal Time" filed by Mr. Casimer on February 12, 2019. As noted above, that motion does not seek to annul any particular judgment and does not seek reinstatement of appeal time, despite its title and caption.

Mr. Casimer's Notice of Intent filed on April 2, 2019 lists several of the trial court's final orders therein, including the one rendered on October 12, 2018 which dismissed his case with prejudice. Even if such notice of intent were to be construed as a motion for an appeal of the October 12, 2018 judgment, it was filed well beyond the appeal delays for devolutive appeals established in La. C.C.P. art. 2087.[9]

Upon review, in light of the above, we find that the Notice of Intent filed on April 2, 2019 is not a timely-filed motion for an appeal to seek appellate review of the final judgment of October 12, 2018, which dismissed Mr. Casimer's public records request against all parties with prejudice. Accordingly, this appeal is untimely under La. C.C.P. art. 2087.

---

[9] La. C.C.P. art. 2087 provides, in pertinent part:

A. Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of any of the following:

(1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, if no application has been filed timely.

(2) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial or judgment notwithstanding the verdict, as provided under Article 1914.

## **CONCLUSION**

For the foregoing reasons, this appeal is dismissed as untimely.

**APPEAL DISMISSED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **NOVEMBER 6, 2019** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 19-CA-202

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HON. LEE V. FAULKNER, JR. (DISTRICT JUDGE)
TERRY M. BOUDREAUX (APPELLEE)      DARREN A. ALLEMAND (APPELLEE)      DAVID B. WHEELER (APPELLEE)
THOMAS J. BUTLER (APPELLEE)

**MAILED**
BRETT S. CASIMER #590811 (APPELLANT)      HON. PAUL D. CONNICK, JR. (APPELLEE)
IN PROPER PERSON      DISTRICT ATTORNEY
ALLEN CORRECTIONAL CENTER      TWENTY-FOURTH JUDICIAL DISTRICT
3751 LAUDERDALE WOODYARD ROAD      200 DERBIGNY STREET
KINDER, LA 70648      GRETNA, LA 70053