LEON A. CANNIZZARO, JR., Judge.
_[jThis case involves a contractual dispute between the plaintiffs, Michael L. Brown and William C. Pritchard, and the defendant, Marion Sullivan Vandenberg Schreiner, regarding the ownership of the defendant, American Wholesale Fence Company, Inc. The case was tried as a bifurcated matter in a non-jury trial, resulting in a judgment in favor of the plaintiffs for the first phase of the trial on November 10, 2003. After the trial court denied their motion for a new trial, the defendants filed a notice of intent to seek a suspensive appeal from the November 10, 2003 judgment. However, on February 3, 2004, the parties and the trial court signed a consent order, reserving all appeals from the November 10, 2003 judgment “until the conclusion of the trial on the second phase of this bifurcated proceeding, or any appeal therefrom if a suspensive appeal from this Court’s judgments is entered herein.”
Following the second phase of the trial, the trial court rendered a judgment on March 26, 2004, partitioning the ownership interests that had been recognized in the judgment of November 10, 2003. The plaintiffs timely filed a motion for |anew trial, which the trial court denied on May 27, 2004. Neither the plaintiffs nor the defendants timely appealed from the March 26, 2004 judgment.
On September 20, 2004, the plaintiffs filed a motion in the district court to dismiss the defendants’ appeal, arguing that because the defendants had never obtained an order of appeal or posted an appeal bond after filing their notice of intent to seek a suspensive appeal from the November 10, 2003 judgment, and also failed to appeal from the March 26, 2004 judgment, they had not reserved their rights to appeal. The trial court, nevertheless, granted the defendants a devolutive appeal on December 21, 2004.
The defendants are now before this Court, arguing that the instant appeal is an appeal from the November 10, 2003 judgment, not the March 26, 2004 judgment, and the trial court merely honored the terms of the February 3, 2004 consent *775 order by granting them a devolutive appeal. We find no merit to this argument.
Despite the consent order reserving all appeals from the November 10, 2003 judgment until after rendition of a judgment in the second phase of the trial, if the defendants, after filing their notice of intent to seek a suspensive appeal from the November 10, 2003 judgment, had obtained an order of appeal and/or posted an appeal bond in accord within the time delays set forth in La. C.C.P. arts. 2123 and 2124, then they would have properly appealed from that judgment. However, because the defendants failed to obtain an order of appeal and/or post an appeal bond after filing their notice of intent to seek a sus-pensive appeal, there is no |sappeal, either suspensive or devolutive, from the November 10, 2003 judgment pending in this court.
Moreover, pursuant to La. C.C.P. art. 2087 A(l), the defendants had sixty (60) days from the date of the mailing of the notice of the trial court’s denial of the motion for new trial to appeal from the March 26, 2004 judgment. The record reflects that the trial court mailed the notice on May 27, 2004. Thus, the defendants had until July 26, 2004 to take a devolutive appeal from the March 26, 2004 judgment, but failed to do so.
The defect of not taking an appeal timely is jurisdictional. State ex rel. EA, 2002-996 (La.App.10/02/02), 827 So.2d 594. The trial court, the appellate court, or counsel cannot extend the statutory time allowed for taking an appeal. Hawkins v. Shropshire, 275 So.2d 821 (La. App. 4th Cir.1973). The defendants failed to timely appeal either the November 10, 2003 judgment or the March 26, 2004 judgment, and the trial court had no authority to extend the statutory time delay and grant them a devolutive appeal.
Accordingly, the devolutive appeal granted by the trial court on December 21, 2004 is dismissed.
APPEAL DISMISSED.