ROTHSCHILD, Judge.
|2On March 3, 2005, plaintiff, Karen Hamilton, filed this lawsuit against defendant, Raymond Lefevre, Sr., for the return of a Ford tractor or for the current market value of the tractor. In her petition, Mrs. Hamilton asserts that her late husband, Richard Hamilton, loaned his tractor to Mr. Lefevre to perform some maintenance work. She asserts that Mr. Lefevre agreed to return the tractor, but failed to do so. Mr. Hamilton died on April 24, 2004. Mrs. Hamilton contends that, since her husband’s death, she has made several attempts to retrieve the tractor from Mr. Lefevre, but he refuses to return it to her.
On July 21, 2005, Mr. Lefevre filed an answer, asserting that Mr. Hamilton donated the tractor to him in 1988. He further contends that he has had continuous possession of the tractor since 1988 and thus, he owns it via acquisitive prescription under LSA-C.C. art. 3491.
| ¡¡Trial of this matter was held on May 3, 2006. On May 23, 2006, the trial judge signed a judgment in favor of plaintiff and against defendant in the amount of $15,000, indicating that $10,000 of this award was for the value of the tractor and $5,000 was for attorney fees.
Mr. Lefevre filed a Motion for Devolu-tive Appeal on July 25, 2006. However, this Court is without jurisdiction to consider this appeal, because it is untimely.
LSA-C.C.P. art. 5002(A) provides:
An appeal from a judgment rendered by a city court or a parish court may be taken only within ten days from the date of the judgment or from the service of notice of judgment, when such notice is necessary.
The judgment at issue was signed by the trial judge in parish court on May 23, 2006. The record indicates that notice of judgment was issued by the clerk of court on May 30, 2006. In his Motion for Devolu-tive Appeal, Mr. Lefevre indicates that “[njotice of the signed judgment was received on June 28th 2006.” The Motion for Devolutive Appeal was not filed until July 25, 2006.
The record is clear that Mr. Lefevre did not appeal the parish court judgment within ten days of the date of the judgment or from service of the notice of judgment, as required by LSA-C.C.P. art. 5002. When an appellant fails to timely take and perfect an appeal, the appellate court lacks jurisdiction to hear the appeal and may dismiss it on its own motion. State Farm Mut. Auto. Ins. Co. ex rel. Robinson v. Jimenez, 98-1057 (La.App. 5 Cir. 1/26/99), 726 So.2d 465, 466. Accordingly, because it was not timely filed, Mr. Lefevre’s appeal is not properly before this Court, and it is hereby dismissed.

APPEAL DISMISSED.