HANS J. LILJEBERG, Judge.
12Pefendant, Deidre Blankenship, appeals the trial court’s considered decree of custody. For the following reasons, we dismiss the appeal.

Procedural History

On December 13, 2013, the trial court rendered a considered decree of custody. Notice of the judgment was mailed on December 18, 2013. On February 6, 2014, defendant filed a pro se motion for devolu-tive appeal, which the trial court denied on February 12, 2014, without reasons. Thereafter, on March 12, 2014, defendant re-urged a second motion for devolutive appeal and a motion for extension of time to file a writ application to seek review of the trial court’s denial of her first motion for appeal. On March 21, 2014, the trial court granted defendant’s second motion for appeal.[1]

Discussion

La. C.C.P. art. 3943 provides that “an appeal from a judgment awarding custody, visitation, or support of a person can be taken only within the delay [.¡provided in Article 3942.” La. C.C. P. art. 3942(A) provides that an appeal “can be taken only within thirty days from the applicable date provided in Article 2087(A).” Therefore, a motion for appeal from a judgment of custody must be taken within 30 days of either: 1) the expiration of the delay for applying for a new trial, if no application has been timely filed; or 2) the date of the mailing of the notice of the court’s refusal to grant a timely filed application for a new trial. See La. C.C.P. art.2087. Accordingly, defendant’s motion for appeal had to be filed within 30 days of the expiration of the time for filing a motion for new trial. See La. C.C.P. arts.1974 and 2087.
As noted above, notice of the signing of the appealed judgment was sent by the clerk of court on December 18, 2013. Therefore, the delay for filing a motion for new trial expired on January 2, 2014.[2] The 30-day time period for filing a motion for appeal, then, expired on February 3, 2014.[3] Thus, defendant’s motion for appeal filed February 6, 2014, was untimely and properly denied by the trial court. Likewise, defendant’s second motion for appeal filed March 12, 2014, was untimely. As such, the trial court erred in granting defendant’s second motion for appeal. Louisiana jurisprudence is clear that timeliness of an appeal is jurisdictional, and neither the trial court nor the appellate court has the authority to extend this delay. Seaman v. Seaman, 10-1295 (La.App. 3 12/15/10), 54 So.3d 756, 760; State ex rel. E.A., 02-996 (La.App. 3 Cir. 10/2/02), 827 So.2d 594, 596.
Absent a timely motion for appeal, the appellate court lacks jurisdiction over the appeal. Davis v. Caraway, 13-619 (La.App. 5 Cir. 2/12/14), 136 So.3d 81, 82, citing Falkins v. Jefferson Parish School Board, 97-26 (La.App. 5 Cir. 5/9/97), 69.5JjSo.2d 1005, 1006. An appellate court may, on its own motion, recog7 nize its lack of authority to consider an untimely appeal and dismiss it. Id.
*936 Accordingly, because defendant’s motion for appeal, filed on February 6, 2014, is untimely, we do not have jurisdiction to consider this appeal, and the appeal must be dismissed.

Decree

For the foregoing reasons, we dismiss the appeal.

APPEAL DISMISSED

. The record reflects that the trial court did not rule on defendant’s motion for extension of time to file a writ application.

. La. C.C.P. art. 1974 provides that "the delay for applying for a new trial shall be seven days, exclusive of legal holidays.” See also La. C.C. art. 5059 and La. R.S. 1:55.

.February 1, 2014, was a Saturday.