JOSEPH J. BAZILE, JR. AND BARBARA B. MIRE

VERSUS

CHARLES E. ZETZMANN AND ANNE ZETZMANN

NO. 22-CA-273

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE FIRST PARISH COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 155-981, DIVISION "B"
HONORABLE JOHN J. LEE, JR., JUDGE PRESIDING

November 16, 2022

**STEPHEN J. WINDHORST**
**JUDGE**

Panel composed of Judges Robert A. Chaisson,
Stephen J. Windhorst, and Hans J. Liljeberg

**APPEAL DISMISSED**
    **SJW**
    **RAC**
    **HJL**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
JOSEPH J. BAZILE, JR. AND BARBARA B. MIRE
    Robert W. Drouant

COUNSEL FOR DEFENDANT/APPELLANT,
CHARLES E. ZETZMANN AND ANNE ZETZMANN
    David J. Halpern
    Jill A. Gautreaux

**WINDHORST, J.**

Appellants/defendants, Charles E. Zetzmann and Ann Zetzmann, appeal the trial court's February 18, 2022 judgment.[1] For the following reasons, we find this court lacks jurisdiction to consider the merits of the appeal and dismiss appellants' appeal as untimely.

**PROCEDURAL HISTORY**

Appellees/plaintiffs, Joseph J. Bazile, Jr. and Barbara B. Mire, filed a Petition for Damages and to Enforce Lease in the First Parish Court for the Parish of Jefferson. In response, appellants/defendants filed an answer and reconventional demand seeking return of their security deposit.

Trial on the merits of plaintiffs' petition occurred on September 22, 2020. The trial court took the matter under advisement and issued a judgment on October 15, 2020. The judgment awarded plaintiffs $11,000.00 for property damage and unauthorized removal of materials, attorney's fees in the amount of $1,100.00, legal interest from the date of judicial demand, and all costs of the proceedings. Defendants appealed. This court dismissed defendants' appeal on the grounds that the October 15, 2020 judgment only disposed of plaintiffs' claims in their petition and did not address the reconventional demand filed by defendants.

On January 18, 2022, after a hearing on defendants' reconventional demand, the trial court took the matter under advisement and allowed the parties to submit post-trial briefs. On February 18, 2022, the trial court rendered judgment denying defendants' reconventional demand. On February 23, 2022, defendants filed a request for reasons for judgment. On February 25, 2022, the Clerk of Court issued notice of judgment to the parties and filed into the record a certification that the judgment had been mailed on February 25, 2022. On April 22, 2022, defendants filed this motion for appeal.

---

[1] Defendants also seek review of the trial court's October 15, 2020 judgment.

**LAW and ANALYSIS**

On July 28, 2022, this court issued an order, *sua sponte*, directing defendants to show cause why this appeal, filed over two months after the judgment, should not be dismissed on the basis that it was untimely. In their response to this court,[2] defendants contend that the delay in filing is due to this court's failure to timely issue a rule to show cause within the requisite time period set forth in La. C.C.P. art. 2161, and/or is "imputable to the First Parish Court Judge's delay in issuing reasons for judgment" as to the February 18, 2022 judgment. Defendants acknowledged that the February 18, 2022 judgment was issued on February 25, 2022 and that counsel "saw the minutes of the Judge's ruling prior to the issuance" of the notice of the February 18, 2022 judgment. Notably, defendants did not claim that notice of the February 18, 2022 judgment was not received. Instead, defendants argue that the written reasons for judgment was issued April 5, 2022, received by defendants on April 8, 2022, and the trial court stated defendants would have an extension of time to file an appeal from the written reasons for judgment. Thus, defendants contend that the motion for appeal was timely filed on April 22, 2022, following receipt of the reasons for judgment.

When an appellant fails to timely take and perfect an appeal, the appellate court lacks jurisdiction to consider the appeal. Louisiana jurisprudence is clear that timeliness of an appeal is jurisdictional, and neither the trial court nor the appellate court has the authority to extend this delay. Dew v. Blankenship, 14-649 (La. App. 5 Cir. 09/30/14), 150 So.3d 934, 935; Brown v. Schreiner, 05-255 (La. App. 4 Cir. 04/05/06), 929 So.2d 773, 775; Seaman v. Seaman, 10-1295 (La. App. 3 Cir. 12/15/10), 54 So.3d 756, 760; State ex rel. E.A., 02-996 (La. App. 3 Cir. 10/02/02), 827 So.2d 594, 596. Further, the provision in La. C.C.P. art. 2161 that an appeal

---

[2] Defendants brief was not timely filed per this court's order.

should not be dismissed because of any irregularity, error, or defect unless it is imputable to the appellant does not include the failure to bring an appeal within the requisite period. Martin v. Freiberger, 02-188 (La. App. 5 Cir. 06/26/02), 822 So.2d 810, 811. Under such circumstances, the appellate court may, on its own motion, recognize its lack of jurisdiction and dismiss the appeal as untimely. Hamilton v. Lefevre, 06-729 (La. App. 5 Cir. 01/30/07), 951 So.2d 1223, 1224; State Farm Mut. Auto. Ins. Co. ex rel. Robinson v. Jimenez, 98-1057 (La. App. 5 Cir. 01/26/99), 726 So.2d 465, 466.

A judgment and reasons for judgment are two separate and distinct legal documents and appeals are taken from the judgment, not the reasons for judgment. Alexander v. Maki, 15-517 (La. App. 5 Cir. 01/04/16), 183 So.3d 821, 822; Jimenez, 726 So.2d at 466. The appealable judgment in this case is the February 18, 2022 judgment, not the written reasons for judgment rendered on April 5, 2022.

> La. C.C.P. art. 5002 A provides:
>
> A. An appeal from a judgment rendered by a city court or a parish court may be taken *only within ten days from the date of the judgment or from the service of notice of judgment, when such notice is necessary*. [Emphasis added.]

When service of notice of judgment is necessary, the Louisiana Supreme Court has held that this time period to file an appeal under La. C.C.P. art. 5002 commences upon *receipt* of notice of judgment rather than upon mailing of said notice. Myles v. Turner, 612 So.2d 32, 35 (La. 1993). Notice of any final judgment rendered in parish court is required and such notice shall be mailed by the clerk of court to counsel of record for each party in accordance with La. C.C.P. art. 1913. La. C.C.P. art. 4905. Notice of final judgment was required in this case.

Here, the trial court heard the reconventional demand on January 18, 2022, and after post-trial memoranda and 31 days, the trial court rendered its decision and signed the judgment on February 18, 2022. Three business days later, appellants filed a request for written reasons for the judgment.

22-CA-273                    3

The record shows that the Clerk of Court mailed notice of judgment as required on February 25, 2022. Despite our request, defendants have not shown or alleged that the motion for appeal was filed *within 10 days of their receipt of the notice of judgment*. Smith v. Winn-Dixie Louisiana, Inc., 626 So.2d 750 (La. App. 5 Cir. 1993).

It is therefore reasonable for this court to assume that defendants received notice of the February 18, 2022 judgment more than 10 days prior to the filing of the motion for appeal. Id. Considering the facts of this case, we find defendants' appeal filed on April 22, 2022 is untimely.

**DECREE**

Accordingly, this court lacks jurisdiction to consider the merits of defendants' appeal and therefore, we dismiss this appeal as untimely.

**APPEAL DISMISSED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES



FIFTH CIRCUIT
101 DERBIGNY STREET (70053)
POST OFFICE BOX 489
GRETNA, LOUISIANA 70054
www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **NOVEMBER 16, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**22-CA-273**

**E-NOTIFIED**
FIRST PARISH COURT (CLERK)
HONORABLE JOHN J. LEE, JR. (DISTRICT JUDGE)
JILL A. GAUTREAUX (APPELLANT)

**MAILED**
DAVID J. HALPERN (APPELLANT)          ROBERT W. DROUANT (APPELLEE)
ATTORNEY AT LAW                       ATTORNEY AT LAW
909 POYDRAS STREET                    POST OFFICE BOX 24994
SUITE 3600                            NEW ORLEANS, LA 70184
NEW ORLEANS, LA 70112