RYAN BUNCH

VERSUS

CASSANDRA RABIUS

NO. 23-CA-453

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-NINTH JUDICIAL DISTRICT COURT
PARISH OF ST. CHARLES, STATE OF LOUISIANA
NO. 78,881, DIVISION "C"
HONORABLE CONNIE M. AUCOIN, JUDGE PRESIDING

December 20, 2023

**SUSAN M. CHEHARDY**
**CHIEF JUDGE**

Panel composed of Judges Susan M. Chehardy,
John J. Molaison, Jr., and Scott U. Schlegel

**APPEAL DISMISSED**

    **SMC**
    **JJM**
    **SUS**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
RYAN BUNCH
    Corey M. Oubre

COUNSEL FOR DEFENDANT/APPELLANT,
CASSANDRA RABIUS
    Richard L. Ducote

**CHEHARDY, C.J.**

Defendant-appellant, Cassandra Rabius, appeals a June 30, 2022 judgment regarding custody, a November 18, 2022 ruling denying Ms. Rabius's motion for new trial on that custody ruling, and the trial court's rulings denying Ms. Rabius's requests for appointment of counsel for the child and for a court-appointed evaluation. Finding this Court lacks jurisdiction, we dismiss the appeal.

*Relevant Facts and Procedural History*

Plaintiff-appellee, Ryan Bunch, filed suit in 2014 against Ms. Rabius, who lives in Texas and is the mother of their older daughter Kelsi, seeking custody and support.[1] At a February 2022 trial, the trial court heard matters related to custody, child support, and various outstanding contempt motions.

On June 30, 2022, the trial court issued a judgment awarding joint care, custody, and control of the minor to both parents, with Mr. Bunch designated as the primary domiciliary parent. Ms. Rabius was further ordered to continue to carry the child on her health and dental insurance, with all of the child's remaining expenses to be split 50/50. The June 30, 2022 judgment specifically denied any and all pending contempt motions, and further indicated that "any relief requested by either of the parties and heard on the above hearing date and not specifically addressed herein be and is hereby denied." In written reasons for judgment, the trial court stated that with regard to child support, neither party presented sufficient evidence to allow the court to make a determination. Therefore the court intended to defer ruling on child support until a new motion with adequate evidence was filed. However, the trial court's intention in this regard, stated in the reasons for judgment, was not included in the June 30, 2022 written judgment.

---

[1] Ms. Rabius and Ms. Bunch have a separate proceeding pending in Texas addressing custody and support for their younger daughter.

On July 13, 2022, Ms. Rabius filed a motion for new trial under La. C.C.P. art. 1972(2), arguing that she had discovered new evidence related to the custody issue since the trial, claiming that it was evidence that she could not have obtained before or during trial. The newly discovered evidence alleged that Kelsi told her school counselor before Christmas 2021, or alternatively in early February 2022, just before trial, that her father had been abusing her; that as a result of this reporting, there was a police and/or child-protection investigation; and that Kelsi told her mother that her father lied to the counselor and/or the police when he said that the abuse did not happen. The trial court set the new trial motion for hearing on September 8, 2022, which hearing was continued to November 18, 2022.

Meanwhile, on October 13, 2022, Mr. Bunch filed a Motion to Re-Set Hearing on Child Support, requesting that the original September 4, 2014 petition for child support be set for hearing pursuant to the June 30, 2022 reasons for judgment. In response, the trial court ordered that the child support matter also be set for a November 18, 2022 hearing, and further ordered Ms. Rabius to produce to Mr. Bunch's counsel certain documents related to child-support calculations.

On November 3, 2022, Ms. Rabius filed a "Motion for Appointment of Counsel for Child, and for Court-Appointed Evaluation of Child by Abuse Specialist, Relative to Motion for New Trial." On November 9, 2022, Ms. Rabius filed an Exception of No Cause of Action and Motion to Stay or Vacate ex parte Order, arguing that Mr. Bunch had no cause of action to reset his September 4, 2014 petition for child support, because the trial court had denied his child support request in the June 30, 2022 judgment.

On November 18, 2022, after hearing the motion for new trial and the additional motions and exceptions related to the other pending matters, the trial court denied the motion for new trial from the bench. The trial court further stated that the June 30, 2022 judgment was deficient because "the reasons for judgment at

page 17 were very clear that I was deferring ruling on the child support issue," but that this intention was inadvertently excluded from the judgment. The trial court then indicated that it would amend the June 30, 2022 judgment on its own motion. Accordingly, on November 22, 2022, the trial court amended the June 30, 2022 judgment to add: "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Court will defer ruling on child support until a Motion is filed presenting the Court with adequate evidence (worksheets) to make such a determination."

On December 5, 2022, Ms. Rabius filed a "Notice of Intent to Seek Writ to Contest the Court's November 22, 2022 Amended Judgment, and the November 18, 2022 Overruling of Defendant's Exception of No Cause of Action Related to Plaintiff's October 20, 2022 Motion to Reset Hearing on Child Support."

On December 16, 2022, Ms. Rabius also filed a Motion for Expedited Appeal of the June 30, 2022 judgment and the November 18, 2022 denial of Ms. Rabius's timely motion for new trial.

On February 7, 2023, the trial court issued a written judgment memorializing the denial of Ms. Rabius's motion for new trial; denying her motion for appointment of counsel for the child and for a court-appointed evaluation; overruling Ms. Rabius's exception of no cause of action; and resetting the child support hearing for March 3, 2023.

On February 22, 2023, the trial court granted Ms. Rabius's third request for an extension of time to file her writ application in this Court related to the November 22, 2022 amendment to the June 30, 2022 judgment and the trial court's overruling of her exception of no cause of action on November 18, 2022.

On February 23, 2023, Mr. Rabius filed a subsequent motion for appeal of the February 7, 2023 judgment and requested a stay of the March 3, 2023 child

support hearing. The trial court granted the order of appeal but denied the request to stay the child support hearing.[2]

On March 7, 2023, the trial court issued an order indicating that Ms. Rabius's December 16, 2022 Motion for Expedited Appeal had never been granted.[3] Thus, on March 10, 2023, two separate notices of appeal appear in the record – one referencing the February 7, 2023 judgment, and the other referencing the June 30, 2022 judgment from which Ms. Rabius had timely sought an appeal. Attached to each notice of appeal were separate invoices for estimated appeal costs in the amount of $6,470.50 for each appeal, which costs were due to be paid by March 30, 2023.

The estimated appeal costs were not paid by March 30, 2023. Thus, on April 6, 2023, the Clerk of Court for the 29th Judicial District Court filed a Motion for a Contradictory Hearing Seeking Dismissal of Appeal as Abandoned for the appeal from the June 30, 2022 judgment and November 18, 2022 denial of the motion for new trial), and for the appeal from the February 7, 2023 judgment, which included

---

[2] Ms. Rabius then filed a motion to continue the March 3, 2023 support hearing, which the trial court also denied. But on March 3, 2023, the trial court effectively stayed the support hearing after determining that it no longer retained jurisdiction, due to Ms. Rabius's two pending appeals. Nevertheless, the same day, Mr. Bunch filed a new Motion to Set Child Support, and the trial court rescheduled the child support hearing for June 21, 2023.

[3] The March 7, 2023 Order stated:

> In preparing for Plaintiff's Motion for Child Support and Defendant's Opposed Motion to Continue, the Court discovered that the Defendant's Motion for Expedited Appeal which was electronically filed on December 16, 2022 was never printed by the Clerk of Court, nor forwarded to the undersigned's chambers for signature. As of March 3, 2023, the original was still not contained in the Clerk's physical record. Counsel for both parties were questioned at the March 3, 2023 hearing regarding whether the Motion for Appeal electronically filed on December 16, 2022 had been granted/signed and whether either attorney could provide the Court/Clerk of Court with a signed copy. Neither counsel has responded to that request.
> IT IS HEREBY ORDERED that the motion is granted and Defendant Cassandra Rabius is granted an appeal of the Judgment signed June 30, 2022, and the denial of the November 18, 2022, timely motion for new trial, to the Court of Appeal for Fifth Circuit, and the Clerk of Court shall, therefore, prepare and lodge the record in accordance with the Code of Civil Procedure.

the trial court's rulings denying Ms. Rabius's request for a court-appointed evaluation of the child and for the appointment of counsel for the child.

On April 12, 2023, the trial court signed separate orders setting contradictory hearings for May 24, 2023, for appellant to show cause why each appeal should not be dismissed for failure to timely pay the estimated appeal costs.

On May 23, 2023, one day before the scheduled hearing, Ms. Rabius filed an opposition to the motion to dismiss the appeals, contending that she paid the estimated costs of the appeal on May 22, 2023, and therefore the motions to dismiss the appeals were moot and should be denied.

On May 24, 2023, the trial court proceeded with the contradictory hearing, but neither Ms. Rabius nor her counsel appeared. The trial court stated for the record that Ms. Rabius, through her counsel of record, had been notified of the hearing; that defense counsel's paralegal had contacted the court to determine if the hearing was going to move forward, which the court affirmed; and that counsel did not appear. The trial court further indicated that although appeals generally are not dismissed when the estimated appeal costs are paid before the contradictory hearing seeking dismissal of an appeal is held, the court, having received a single check for $6,470.50, had no way of knowing to which appeal these costs should be applied. Accordingly, the trial court, ruling from the bench, dismissing both appeals.

On June 20, 2023, the trial court issued a written judgment dismissing both the appeal of the June 30, 2022 judgment and the appeal of the February 7, 2023 judgment. Having learned that the trial court had orally dismissed both appeals at the May 24, 2023 contradictory hearing, on May 26, 2023, Ms. Rabius filed a "Notice of Intent to File Writ Application to Contest the Order of Dismissal by the Court of Defendant's February 28, 2023 [sic] and March 7, 2023 Appeals." The trial court set the return date for "no later than June 24, 2023."

On June 21, 2023, exercising its supervisory review on Ms. Rabius's pending writ application from March, this Court annulled the November 22, 2022 judgment that had amended the June 30, 2022, judgment, and reinstated the June 30, 2022 judgment, finding that the amendment of that judgment constituted a substantive change not permitted "without a successfully litigated application for new trial, action for nullity, or appeal" pursuant to La. C.C.P. art. 1951. *See Bunch v. Rabius*, 23-C-142 (La. App. 5 Cir. 6/21/23) (unpublished writ disposition). However, given the unique circumstances of the case, and considering the best interest of the child, in that disposition this Court determined that an amendment to the June 30, 2022 judgment would comply with the trial court's original intent to defer the award of child support until a properly supported motion was filed, as stated in its June 30, 2022 reasons for judgment. To that end, this Court amended the June 30, 2022 judgment to include: "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Court will defer ruling on child support until a Motion is filed in this Court with adequate evidence (worksheets) presented to make such a determination."

On June 26, 2023, Ms. Rabius filed a Motion for Expedited Appeal of the "Reinstated and Amended June 30, 2022 Judgment, and the Court's November 18, 2022 Denial of Motion for New Trial." On July 5, 2023, the trial court granted the motion for appeal, and Ms. Rabius timely paid estimated appeal costs. That appeal is now before this Court.

*Jurisdiction*

In his brief as appellee, Mr. Bunch argues that the present appeal should be dismissed due to the trial court's earlier dismissal of Ms. Rabius's appeal from the June 30, 2022 judgment and the November 18, 2022 ruling denying the motion for new trial. We find merit in Mr. Bunch's argument.

Louisiana C.C.P. art. 3943 states: "An appeal from a judgment awarding custody, visitation, or support of a person can be taken only within the delay provided in Article 3942. Such an appeal shall not suspend the execution of the judgment insofar as the judgment relates to custody, visitation, or support." La. C.C.P. art. 3942 sets a 30-day period within which such an appeal must be filed. Louisiana jurisprudence is clear that the timeliness of an appeal is jurisdictional, and neither the trial court nor the appellate court has the authority to extend this delay. *Dew v. Blankenship*, 14-649 (La. App. 5 Cir. 9/30/14), 150 So.3d 934, 935.

There is no question that in filing her first Motion for Expedited Appeal on December 16, 2022, Ms. Rabius timely moved for an appeal of the June 30, 2022 judgment regarding the custody issue and the November 18, 2022 denial of her motion for new trial and related motions. But Ms. Rabius failed to timely pay the estimated appeal costs; her counsel failed to appear at the May 24, 2023 contradictory hearing to address dismissal for failure to pay costs; the trial court ordered the appeals dismissed; and, notwithstanding her timely filed notice of intent, Ms. Rabius did not file a supervisory writ application in this Court to address the trial court's orders dismissing those two appeals.

Moreover, this Court's June 21, 2023 disposition in 23-C-142, which amended the June 30, 2022 judgment as to the deferral of an award of child support, was unrelated to and had no bearing on the custody rulings at issue in the dismissed appeal, and as such cannot revive her right to appeal the custody matter. *See Seaman v. Seaman*, 10-1295 (La. App. 3 Cir. 12/15/10), 54 So.3d 756, 760 ("[W]e find no logical reason for postponing an immediate appeal of a judgment of custody simply because the parties may have outstanding issues pertaining to support or visitation matters.").

Because Ms. Rabius failed to file a writ application seeking review of the trial court's May 24, 2023 dismissal of her appeal regarding custody, and her

appeal of the motion for new trial that flowed from that judgment, the dismissal of those appeals is final. This Court's June 21, 2023 ruling in 23-C-142 does not give Ms. Rabius a second bite at the apple, as that disposition merely added language to the original judgment from the trial court's written reasons for judgment that was unrelated to the custody matter. The June 26, 2023 motion for expedited appeal, Ms. Rabius's second attempt to appeal the same rulings that were the subject of her now-dismissed appeals, is filed too late because it was sought more than 30 days after the trial court's custody rulings rendered on June 30, 2022 and November 18, 2022. La. C.C.P. arts. 3942, 3943. Absent a timely motion for appeal, the appellate court lacks jurisdiction. *Dew*, 150 So.3d at 935 (*citing Davis v. Caraway*, 13-619 (La. App. 5 Cir. 2/12/14), 136 So.3d 81, 82).

DECREE

For the foregoing reasons, we dismiss this appeal for lack of jurisdiction.

**<u>APPEAL DISMISSED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **DECEMBER 20, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**23-CA-453**

**E-NOTIFIED**
29TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE CONNIE M. AUCOIN (DISTRICT JUDGE)
COREY M. OUBRE (APPELLEE)          RICHARD L. DUCOTE (APPELLANT)

**MAILED**
NO ATTORNEYS WERE MAILED