STATE OF LOUISIANA DEPT. OF CHILDREN & FAMILY SERVICES

VERSUS

DENZEL RIDLEY

NO. 23-CA-565

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE FORTIETH JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST, STATE OF LOUISIANA
NO. 53,631, DIVISION "A"
HONORABLE VERCELL FIFFIE, JUDGE PRESIDING

December 04, 2024

**STEPHEN J. WINDHORST**
**JUDGE**

Panel composed of Judges Stephen J. Windhorst,
John J. Molaison, Jr., and Timothy S. Marcel

**<u>APPEAL DISMISSED</u>**

 **SJW**
 **JJM**
 **TSM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
STATE OF LOUISIANA O/B/O THE DEPARTMENT OF CHILDREN AND
FAMILY SERVICES (DCFS)
     Kim Ancona Laborde

COUNSEL FOR DEFENDANT/APPELLEE,
DENZEL RIDLEY
     In Proper Person

**WINDHORST, J.**

Appellant, the State of Louisiana, on behalf of the Department of Children and Family Services ("DCFS"), appeals the trial court's August 23, 2023 judgment. For the following reasons, we find this court lacks jurisdiction to consider the merits of this appeal. We find the August 23, 2023 judgment is an absolute nullity, and it is hereby annulled and set aside. The March 16, 2023 judgment is therefore reinstated. Because appellant did not timely appeal the March 16, 2023 judgment, this appeal is dismissed as untimely.

**PROCEDURAL HISTORY**

On July 28, 2015, the DCFS and defendant/appellee, Denzel Ridley entered into a stipulated order of support under La. R.S. 46:236.7, whereby defendant agreed to pay DCFS $246.33 per month commencing on August 28, 2015 for the support of his minor child, A.B., and other provisions to which defendant agreed.

On August 12, 2021, the DCFS filed a Rule to Review Child Support seeking to modify the existing award of child and medical support against defendant for the support of A.B. The hearing was initially set for September 16, 2021.[1] The matter was subsequently continued several times.[2] On November 10, 2022, defendant did not appear for the hearing. Because defendant was served with notice of the November 10, 2022 hearing, the trial court heard testimony and received evidence on DCFS's rule to review child support. At the conclusion of the hearing, the matter was taken under advisement. On December 20, 2022, the trial court issued a judgment ordering (1) defendant to pay child support directly to DCFS until notice of garnishment; (2) defendant to provide DCFS notification any change of

---

[1] Due to Hurricane Ida, the matter was reset to January 27, 2022.

[2] An email from the court shows that the January 27, 2022 hearing was reset to March 17, 2022, because defendant was on active duty and in training until the end of February. On March 17, 2022, the hearing was again reset. It appears from the minute entry and the record that defendant was not served with the March 17, 2022 date. The matter was subsequently reset for June 16, 2022. On June 16, 2022, despite being served, defendant did not appear and the matter reset to August 11, 2022. On August 11, 2022, despite being served, defendant did not appear again and the matter was continued to October 13, 2022. On October 13, 2022, the matter was continued again to November 10, 2022. The minute entry and record do not indicate defendant was served with the October 13, 2022 date.

circumstances, including but not limited to changes of address, residence, employment, salary, or medical coverage; (3) an immediate income assignment order under the provisions of La. R.S. 46:236.3; (4) defendant to provide medical support for the minor through his employer; (5) defendant to pay $10.00 per month as cash medical support to DCFS if he loses health coverage on minor through his employer, or if such coverage is not available; and (6) defendant to send his insurance card to DCFS, if A.B. was included on his insurance.

On January 20, 2023, DCFS filed a motion to reset its rule to review child support, contending that the December 20, 2023 judgment only ordered cash medical support and it did not address DCFS's rule to review child support. Therefore, DCFS requested its rule be reset to address the modification of child support.

The matter came before the trial court on March 16, 2023. At the conclusion of the hearing, the matter was taken under advisement. On the same day, the trial court issued a judgment granting DCFS's modification and ordering defendant to pay $400.00 per month in child support, effective March 16, 2023. The judgment also ordered (1) defendant to pay an extra $20.00 per month toward arrears; (2) defendant to make child support payment to DCFS, until notice of garnishment; (3) defendant to notify DCFS of any change of circumstances; (4) an immediate income assignment order under La. R.S. 46:236.3; and (5) defendant to pay medical support through employer for minor child. Notice of signing of the judgment was issued on April 11, 2023. No motion for a new trial was filed.

On August 23, 2023, the record shows that the trial court issued a second judgment with reasons, *sua sponte*,[3] granting DCFS's rule to review child support. The judgment ordered defendant to pay "plaintiff, Niya Annie Gilmore" child support in the amount of $400.00 per month, effective "retroactively (March 16,

---

[3] There is nothing in the record indicating why the trial court issued this second judgment *sua sponte* over five months after the hearing on DCFS's rule. In its brief to this court, DCFS alleged that it requested reasons for judgment and that the August 23, 2023 judgment was the trial court's reasons for judgment.

2023)." The judgment further stated that arrearages "created by this judgment shall be extinguished by the payment of an additional" twenty dollars each month, "to be paid in one installment." The judgment also contained the trial court's reasons for the amount of child support awarded in deviation of the guidelines. Notice of signing of the judgment was issued the same day.

On September 8, 2023, DCFS filed a motion for appeal of the August 23, 2023 judgment. This appeal followed.

**LAW and ANALYSIS**

*Jurisdictional Issue*

On appeal, DCFS contends it is seeking review of the trial court's March 16, 2023 judgment and the trial court's written reasons on August 23, 2023. DCFS contends the trial court abused its discretion in not applying the increase in the child support retroactive to the date the rule was filed.

Appellate courts have a duty to examine subject matter jurisdiction *sua sponte*, even when the parties do not raise the issue. Succession of St. Germain, 22-148 (La. App. 5 Cir. 12/21/22), 355 So.3d 674, 676.

As a procedural matter, the record before us contains two final judgments signed by the trial court regarding the March 16, 2023 hearing on DCFS's rule for review of child support. After taking the matter under advisement, the trial court signed the original judgment on the merits on March 16, 2023 and issued notice of judgment to the parties on April 11, 2023. A motion for new trial was not filed by either party. A second judgment on the merits was signed on August 23, 2023.[4] No

---

[4] In its brief to this court, appellant contends that the trial court rendered judgment on March 16, 2023, and subsequently rendered "reasons for judgment" on August 23, 2023. Appellant filed the motion for appeal as to the August 23, 2023 judgment. However, a judgment and reasons for judgment are two separate and distinct legal documents. Appeals are taken from the judgment, not the reasons for judgment. Alexander v. Maki, 15-517 (La. App. 5 Cir. 01/04/16), 183 So.3d 821, 822; State Farm Mut. Auto. Ins. Co. ex rel. Robinson v. Jimenez, 98-1057 (La. App. 5 Cir. 01/26/99), 726 So.2d 465, 466.

notice of appeal was filed before or during the four-month period between the April 11, 2023 notice of judgment and the August 23, 2023 judgment.

The judgments differ in that the original judgment is rendered against defendant increasing the amount of child support which is payable to DCFS on behalf of the minor child. The second judgment is rendered against defendant increasing the amount of child support, but support is payable to "plaintiff, Niya Annie Gilmore," not to DCFS on behalf of the minor child.[5] The judgments further differ in the substance included therein. There is nothing in the record to indicate that the trial court moved for or granted a new trial as provided by La. C.C.P. art. 1971.[6]

La. C.C.P. art. 1951 Amendment of Judgment provides:

> On motion of the court or any party, a final judgment may be amended at any time to alter the phraseology of the judgment, but not its substance, or to correct errors of calculation. The judgment may be amended only after a hearing with notice to all parties, except that a hearing is not required if all parties consent or if the court or the party submitting the amended judgment certifies that it was provided to all parties at least five days before the amendment and that no opposition has been received.

A judgment which has been signed cannot be altered, amended, or revised by the judge who rendered the same, except in the manner provided by law. Bourgeois v. Kost, 02-2785 (La. 05/20/03), 846 So.2d 692, 696. Without a specific statutory grant of authority, the trial court is limited to the general authorization for amending final judgments provided in La. C.C.P. art. 1951. Id. La. C.C.P. art. 1951 allows the amendment of judgments to correct errors in calculation and to alter the phraseology of the judgment, but does not authorize a trial court to make substantive amendments to final judgments. La. C.C.P. art. 1951. Failure to comply with the

---

[5] "Plaintiff, Niya Annie Gilmore" is not a named party in this lawsuit.

[6] La. C.C.P. art. 1971 provides:

A new trial may be granted, upon contradictory motion of any party or *by the court on its own motion*, to all or any of the parties and on all or part of the issues, or for reargument only. If a new trial is granted as to less than all parties or issues, the judgment may be held in abeyance as to all parties and issues.

requirements of La. C.C.P. art. 1951 results in the annulment and setting aside of the amending judgment and reinstating the original judgment. <u>Oreman v. Oreman</u>, 05-955 (La. App. 5 Cir. 03/31/06), 926 So.2d 709, 712, <u>writ denied</u>, 06-1130 (La. 09/01/06), 936 So.2d 206 (A second judgment amending the substance of an earlier judgment without compliance with La. C.C.P. art. 1951 is an absolute nullity and without legal effect); <u>Kost</u>, *supra*, (substantive amendments to judgments made without compliance with the proper procedures, *i.e.*, by way of a timely motion for a new trial or by appeal, are absolute nullities); <u>Alliance for Good Government, Inc. v. Jefferson Alliance for Good Government, Inc.</u>, 96-309 (La. App. 5 Cir. 10/16/96), 683 So.2d 836, 839.

We find that the trial court's August 23, 2023 judgment substantively altered the March 16, 2023 judgment in violation of the mandatory requirements of La. C.C.P. art. 1951. Specifically, the judgment ordered defendant to pay the child support to "plaintiff, Niya Annie Gilmore", instead of DCFS on behalf of the minor child. The judgments further differ in the substance included. There is nothing in the record to indicate that the trial court moved for or granted an amendment of judgment or a new trial, as provided by La. C.C.P. arts. 1951 or 1971. This was an impermissible substantive change to the original March 16, 2023 judgment. See <u>Washington v. Taylor</u>, 21-80 (La. App. 4 Cir. 01/26/22), 334 So.3d 1060, 1070 (adding a party name is a substantive change); <u>Duncan v. Gauthier</u>, 21-220 (La. App. 1 Cir. 10/28/21), 332 So.3d 1191 (adding a party to a judgment is considered an impermissible substantive change in the judgment); <u>Tunstall v. Stierwald</u>, 01-1765 (La. 02/26/02), 809 So.2d 916, 920 (changing the name of a party cast in the judgment is a change of substance and not of phraseology). The August 23, 2023 judgment also impermissibly altered the substance of the original judgment. The judgment may be amended by the court where the amendment takes nothing from or adds nothing to the original judgment. <u>Kost</u>, 846 So.2d at 695. Because the second

judgment added a non-party and changed the substance of the original judgment, this was impermissible.

Absent a hearing or consent to amend, which is not present in this case, the August 23, 2023 judgment is null and void. Accordingly, the August 23, 2023 judgment is annulled and set aside and the original March 16, 2023 judgment is reinstated.

When an appellant fails to timely take and perfect an appeal, the appellate court lacks jurisdiction to consider the appeal. Louisiana's jurisprudence is clear that timeliness of an appeal is jurisdictional, and neither the trial court nor the appellate court has the authority to extend this delay. Dew v. Blankenship, 14-649 (La. App. 5 Cir. 09/30/14), 150 So.3d 934, 935; Brown v. Schreiner, 05-255 (La. App. 4 Cir. 04/05/06), 929 So.2d 773, 775; Seaman v. Seaman, 10-1295 (La. App. 3 Cir. 12/15/10), 54 So.3d 756, 760; State ex rel. E.A., 02-996 (La. App. 3 Cir. 10/02/02), 827 So.2d 594, 596. Additionally, neither the court of appeal nor the trial court has the jurisdictional power and authority to reverse, revise, or modify a final judgment after the time for filing a devolutive appeal has elapsed. Williams v. Atmos Energy Corp., 09-1061 (La. App. 5 Cir. 05/11/10), 42 So.3d 409, 410-411; Parish of Jefferson v. McGee, 11-76 (La. App. 5 Cir. 05/24/11), 67 So.3d 640, 642; Baton Rouge Bank & Trust Co. v. Coleman, 582 So.2d 191, 192 (La. 1991).

Further, the provision in La. C.C.P. art. 2161 that an appeal should not be dismissed because of any irregularity, error, or defect unless it is imputable to the appellant does not include the failure to bring an appeal within the requisite period. Martin v. Freiberger, 02-188 (La. App. 5 Cir. 06/26/02), 822 So.2d 810, 811. Under such circumstances, the appellate court may, on its own motion, recognize its lack of jurisdiction and dismiss the appeal as untimely. Hamilton v. Lefevre, 06-729 (La. App. 5 Cir. 01/30/07), 951 So.2d 1223, 1224; State Farm Mut. Auto. Ins. Co. ex rel. Robinson v. Jimenez, 98-1057 (La. App. 5 Cir. 01/26/99), 726 So.2d 465, 466.

La. C.C.P. art. 2087 provides the time period within which a party must appeal a trial court judgment:

> A. Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of any of the following:
>
> (1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, if no application has been filed timely.
>
> (2) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial or judgment notwithstanding the verdict, as provided under Article 1914.

The delay for applying for a new trial is seven days, exclusive of legal holidays. La. C.C.P. art. 1974. The delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913. Id.

In this case, the judgment was signed March 16, 2023 and issued on April 11, 2023 to the parties. The motion for appeal was filed on September 8, 2023, more than sixty days from the expiration of the delay for applying for a new trial. Consequently, this court lacks jurisdiction to consider this untimely appeal.

**DECREE**

For the reasons stated herein, we find this court lacks jurisdiction to consider the merits of this appeal. We find the August 23, 2023 judgment is an absolute nullity and as such, is annulled and set aside and we reinstate the March 16, 2023 judgment. Because appellant did not timely appeal the March 16, 2023 final judgment, this appeal is dismissed as untimely.

**<u>APPEAL DISMISSED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **DECEMBER 4, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-CA-565

**E-NOTIFIED**
40TH DISTRICT COURT (CLERK)
HONORABLE VERCELL FIFFIE (DISTRICT JUDGE)
VERCELL FIFFIE (APPELLANT)          KIM ANCONA LABORDE (APPELLANT)

**MAILED**
DENZEL RIDLEY  (APPELLEE)
21 TWIN OAKS CIRCLE
COLUMBIA, SC 29209

GABRIELLE BREAUX  (APPELLEE)
677 ROCCAFORTE AVENUE
GARYVILLE, LA 70051

HONORABLE BRIDGET A. DINVAUT
(APPELLANT)
DISTRICT ATTORNEY
FORTIETH JUDICIAL DISTRICT
PARISH OF ST. JOHN THE BAPTIST
1342 LA. HIGHWAY 44
RESERVE, LA 70084